## No. 9963.

KOKOTOVICH *v*. THE INDUSTRIAL COMMISSION OF COLORADO, ET AL.

Decided February 7, 1921.

Petition under the Workmen's Compensation Act for a lump sum settlement of compensation. Petition denied.

### *Affirmed.*

1. WORKMEN'S COMPENSATION—*Method of Payment.* The method of payment of compensation under the workmen's compensation act rests within the discretion of the industrial commission, and its orders will be set aside by the courts only on the ground that they were procured by fraud, are unsupported by the findings of fact, or beyond its powers.

2. *Lump Sum Settlement.* No fixed rule can be laid down for determining whether weekly compensation or a lump sum should be allowed a claimant under the workmen's compensation act. In most cases, the controlling factors must be the character, capacity and business ability of the claimant.

3.    *Industrial Commission Orders—Review.*   In the absence of
     abuse of discretion by the commission, the court of review may
     consider only the legal question of whether there is evidence
     to support the findings.

*Error to the District Court of the City and County of
Denver, Hon. Charles C. Butler, Judge.*

Mr. B. F. REED, Mr. ROBERT W. STEELE, JR., for plaintiff
in error.

Mr. VICTOR E. KEYES, Attorney General, Mr. JOHN S.
FINE, Deputy, Mr. FRANK C. WEST, for defendants in error.

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE Industrial Commission of Colorado, under the pro-
visions of the Workmen's Compensation Act, found plain-
tiff in error totally and permanently disabled and allowed
him the maximum, $8.00 per week for life, therefor.  He
petitioned for a lump sum settlement in lieu of this allow-
ance.  A hearing was had on that petition, testimony taken
and the commission found that it was not for his best in-
terests that his petition be granted and ordered accordingly.
Such further proceedings were had that the cause was
regularly reviewed by the District Court which affirmed the
findings and order of the commission.  To review that judg-
ment the cause is now before us on error.

The act in question authorizes the commission to order
the payment of an award in installments or in a lump sum
"as it may determine to be for the best interests of the
parties concerned."  The method of payment thus rests
within the discretion of the commission.  The courts are
authorized to set aside an order of the commission only on
the ground that it was procured by fraud, or is unsupported
by the commission's finding of fact, or beyond its power.
Sec. 102, Chap. 210, Laws 1919.

There is no contention that the order here complained of
was procured by fraud, and it was the proper order to enter
on the fact as found.  It can only be disturbed, if at all, on

the ground that it was a gross abuse of discretion, hence in excess of the power of the commission. Plaintiff in error contends that the action of the commission in denying his petition for a lump sum settlement was "arbitrary, unreasonable, unjust and contrary to law and constitutes a gross abuse of discretion." To establish this contention he calls attention to the following facts disclosed by the record: That Kokotovich had a wife and eight minor children all living and wholly dependent upon him for support; that he had no property and no income; that he was unable to perform manual labor of any kind; that he had been reared on a farm and wished to purchase a small farm where he could maintain a home for himself and family and support and educate his children; that he was 33 years old and his expectancy was 33.92 years.

Assuming, but not deciding, that these things may be considered as tending to establish the alleged abuse of discretion on the part of the Commission, the record discloses the further facts that Kokotovich, having been earning from $350 to $450 per month, and having since his injury drawn $34.72 a month compensation, plus $30 a month from some fraternal society to which he belonged, was within fifteen months of the date of the accident, penniless and $1200 in debt. Furthermore that neither plaintiff nor his wife ever conducted a business of any kind of their own.

No fixed rule can be laid down for determining whether weekly compensation or a lump sum should be allowed a claimant under our Workmen's Compensation Act. In most cases the controlling factor must be the character, capacity and business ability of the claimant. In view of the foregoing facts this court cannot say that the commission abused its discretion.

"This court may consider only the legal question of whether there is evidence to support the finding." *Passini v. Industrial Commission*, 64 Colo. 349, 171 Pac. 369.

Finding no error in the record the judgment is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY concur.