No. 10,491.

INDUSTRIAL COMMISSION, ET AL. *v.* BIG SIX COAL CO., ET AL.

Decided December 4, 1922.

Proceeding under the workmen's compensation act. Award of commission overruled by the district court.

*Reversed.*

1. WORKMEN'S COMPENSATION—*Evidence.* The weight and sufficiency of the evidence in workmen's compensation cases, is for the industrial commission, and not the subject of inquiry by the courts.

2. INDUSTRIAL COMMISSION—*Findings.* The industrial commission should make adequate and sufficient findings of all material facts upon which its award is based. Legal conclusions are not findings of fact.

   Whenever the industrial commission findings are insufficient, the appellate court may consider the evidence as findings of fact, where it is undisputed.

3. WORKMEN'S COMPENSATION—*Lump Sum Settlements—Life Expectancy.* In determining the life expectancy of a claimant, the industrial commission may use any recognized expectancy tables without their formal introduction by either party at the hearing.

4. INDUSTRIAL COMMISSION—*Lump Sum Settlements—Presumption.* In reviewing an award of the industrial commission granting a lump sum settlement, the appellate court may, in the absence of evidence to the contrary, assume that the commission did its duty in following the law, and giving consideration to all matters properly before it.

5. WORKMEN'S COMPENSATION—*Lump Sum Settlements—Monthly Payments—Review.* The industrial commission may, in its discretion, order a part of the compensation due any claimant to be paid in a lump sum and the balance in monthly installments, and its discretionary action in this regard is not subject to review.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, for plaintiffs in error.

Mr. L. WARD BANNISTER, Mr. A. H. LAWS, Mr. S. M. JANUARY, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a writ of error to the district court of the City

and County of Denver, to review its final judgment setting aside an award of the State Industrial Commission to Ollie Cruthis, in a case there pending, to recover compensation, under the Workmen's Compensation Act of 1919, for an injury which he sustained in the course of his employment by The Big Six Coal Company, one of the defendants in error. The industrial commission approved an agreement of the insurance carrier and claimant whereby he was given $10.00 each week during his disability. Later a hearing was had by the commission to determine the extent of the disability, and the claimant was found to be totally and permanetly disabled; and, upon such finding, he was awarded $10.00 each week, continuing thereafter so long as he should live. More than six months after the injury, proceeding under the permissive provisions of section 82, the claimant applied to the commission for a lump sum compensation. Upon a hearing of his petition, of which the employer and insurance carrier were notified, and in which they participated, the commission found that it was for the best interests of the parties concerned that the petition be granted, and, accordingly, an award was made of $3,000.00 in cash, and, in addition thereto, $28.57 each month to continue as long as the claimant's disability is total and permanent, or until otherwise ordered by the commission, or until his right to compensation is terminated as provided by law. This final award, after a petition for review had been denied, was brought to the district court as authorized by the statute, and the district court set it aside and remanded the case to the commission, with no specific direction.

From the record it appears that the award was set aside because the commission did not determine, or did not state in its findings, the period of life expectancy of the claimant, and that there was not sufficient evidence produced upon which such expectancy could be based; the court being of the opinion that no lump sum award could be made, unless and until the commission had determined, upon sufficient legal evidence, claimant's life expectancy. The

claimant and the industrial commission are here seeking a review of the judgment of the district court.

With sufficient accuracy the defendants in error have thus stated the three principal questions involved: 1. The commission's award is erroneous because' of the absence of a specific finding of fact as to the duration of the claimant's expectancy; 2. The evidence to sustain the commission's legal conclusion of expectancy, not its finding of fact thereupon, is wholly insufficient; 3. The commission has no power to require monthly payments in addition to a lump sum award.

There are only three grounds upon which the courts may affirm or set aside an award of the industrial commission: 1. That it acted without or in excess of its powers; 2. That the finding or award was procured by fraud: 3. That the findings of fact do not support the award.

No fraud is claimed, but the award is said to be invalid upon the other two grounds.

Much of the argument of defendants in error, in support of the judgment of the district court and its attack upon the award of the commission, is really directed to the insufficiency of the evidence to support the commission's findings of fact. While the contention is also urged that such alleged findings of fact as were made, do not sustain the award, greater stress is laid upon the lack of evidence. Notwithstanding our previous decisions in these compensation cases that the weight and sufficiency of the evidence are not the subject of inquiry by the courts, parties persist in asking this court, in its review of these controversies, to sit as triers of fact. In view of the record before us, we are also constrained to add, what we have declared in other cases, that failure and neglect of the industrial commission to make adequate and sufficient findings of all material facts upon which its award is based, give rise to unnecessary and prolonged litigation, which, in many of the cases, would be unnecessary if the commission followed the established practice in this particular. It might well, by analogy, observe the requirements of a court of equity

as to findings of fact, and, if it so acted, much of the time of the courts would be saved and much cost and expense of litigants would be avoided.

In its award of the lump sum here attacked, the finding of fact made by the commission on which such award was made, is in the following language:

"It is further found that the claimant has filed an application for a lump sum settlement for the purpose of purchasing a three acre tract of land in the town of Westminster, Adams county, Colorado. That it is for the best interests of the parties hereto that the lump sum application be granted to the applicant for said purpose. That the amount required therefor is $3,000.00. That the age of the claimant at the time of his accident was thirty-five years. That his expectancy of life as determined by the Workmen's Compensation Law of Colorado is sufficient to entitle the payment of the total sum of $15,798.90 as compensation under the terms of the above Award. That to produce the sum of $3,000.00 requires that the sum of $5,264.48 be commuted according to the terms of the Workmen's Compensation Law of Colorado, and said sum when so commuted equals the sum of $3000.00, which is to be paid the claimant in one lump sum. That after said sum shall be paid, it will reduce the probable amount to be paid to the claimant herein to the sum of $10,534.42. That said last named sum is used only for the purpose of computing the lump sum settlement above referred to and is not to be construed as a finding as to the total amount of compensation that the claimant herein may be entitled to receive. That the balance of compensation then to be paid to the claimant herein should be paid at the rate of $28.57 per calendar month beginning April 15, 1922, and continuing thereafter so long as claimant's disability shall be permanent and total."

The finding as to what is for the best interests of the parties is sufficiently definite. There is no specific finding of the life expectancy of the claimant. On the contrary, the commission states, as its conclusion, that his expect-

ancy is sufficient to entitle him to the payment of a certain sum of money, and that to produce such sum requires a certain other sum, which, in turn is to be commuted according to the terms of the Workmen's Compensation Law, and that this sum, when commuted equals the amount of the award. It is scarcely necessary to say that such a finding is not a compliance with what the practice demands in such cases. Legal conclusions are not findings of fact. Other criticism might be made as to this alleged finding but, in view of what we have said, it is not likely that the commission will regard it as a precedent. Notwithstanding the fact that the commission failed to find specifically as to claimant's life expectancy, we do not remand the case for more detailed findings, because there is no conflict in the evidence, the same being undisputed, and we shall consider the evidence as findings of facts because it is sufficient, in our view of the case, to uphold the award. This practice has been held proper in similar cases. *Prouse v. Industrial Commission,* 69 Colo. 382, 194 Pac. 625; *Picardi v. Industrial Commission,* 70 Colo. 266, 199 Pac. 420.

Defendants in error, however, say that not only was no finding of fact made, but that if the commission had specifically found claimant's life expectancy, there was no evidence before it legally sufficient to sustain the finding. Section 82 of the act, which authorizes an award of a lump sum, does not prescribe a method for determining life expectancy of the claimant, which expectancy both parties say is essential. Neither party formally introduced before the commission any evidence bearing upon that element of the case. Though section 82 is silent upon the subject, section 78, which relates to permanent partial disability, says that in determining the same the commission must take into consideration, among other things, the general physical condition of the claimant, his mental training, ability, former employment and education, and also the claimant's expectancy of life. In determining such expectancy the commission must do so "from recognized expectancy tables and such other evidence relating to his expectancy as may

be presented." While we do not so determine, because it is not necessary, the parties themselves are in accord that, in the absence of a specific direction in section 82 to the contrary, the method prescribed by section 78 for determining permanent partial disability may be employed, in determining expectancy in the hearing of a petition under section 82 for the award of a lump sum. Assuming that, in awarding a lump sum, the determination of expectancy may be as prescribed in section 78, we observe, in the first place, that the commission must determine that fact "from recognized expectancy tables and such other evidence relating to his expectancy as may be presented." The language quoted lends color to the contention of plaintiffs in error that the commission itself may use any recognized expectancy table, without the necessity of its formal introduction by either party at the hearing. This is so because, if a recognized mortality or expectancy table must be used by the commission, and neither party introduces it in evidence, the commission, to discharge its statutory duty, is compelled to resort to a table of that description. No formal evidence, either of a table or any other kind of evidence relating to expectancy, was introduced by either party. It does not follow, however, that the commission did not, and might not, make use of a recognized mortality table, nor does it follow that the commission did not take into consideration, and give them due weight, the other matters enumerated in section 78 in making its award. Sections 2489 and 2490, R. S. Colorado, 1908, contain a mortality table, and it is said therein that this table shall be received as evidence in ascertaining expectancy, together with other evidence as to health, constitution, habits and occupation of the person whose expectancy is in issue. The chief reliance by the employer and insurance carrier in their contention that there was not sufficient evidence of expectancy, is the fact that there was no formal introduction of a mortality or expectancy table, and that the commission could not consider such table unless it is formally introduced in evidence. Bearing in mind that, in gathering

evidence, the industrial commission has large discretionary power, and that the expectancy table in our statute is made evidence in our courts and before all persons and bodies authorized to receive evidence, and that section 78 of our compensation act expressly requires the commission, in determining expectancy in cases of permanent partial disability, to consider, among other things, recognized expectancy tables, we are of the opinion that it may, when determining life expectancy in cases of permanent total disability, in applications for a lump sum award, of its own volition, and without formal introduction by either party, or by itself, make use of the Colorado expectancy table or of other "recognized expectancy tables."

The employer and insurance carrier also further contend that it was necessary for the commission to take into consideration the claimant's physical condition, and the other matters enumerated in section 78. The claimant was before the commission on different occasions and evidence was introduced. The commissioners had ample opportunity to judge of his general physical condition and as to the other enumerated matters, and it was not necessary for the commission, in the absence of any request therefor at the time of the hearing, to take evidence relating thereto. In the absence of anything in the record to the contrary, we may rightfully assume that the commission did its duty and considered not only the Colorado mortality table but all the other matters which section 78 requires, and gave them due weight in making its award.

It is further said that the commission in ascertaining the claimant's expectancy did not take into consideration the fact that he was permanently disabled—and there was evidence that he had tuberculosis of the chest—but, on the contrary, assumed that his expectancy was the same as that of a man in normal health. As already indicated, in the state of this record, we are justified in assuming that the commission made due allowances, as the statute requires, for these and all other considerations that had any bearing upon, or related to, the claimant's expectancy; such

as that physical infirmities were caused or increased by the injury. If the insurance carrier and employer thought that additional evidence should have been introduced upon this issue, or if they desired further to be heard upon it, they should have made it known to the commission during the hearing and before its award was made. By reason of their failure in this respect, they are not entitled to have the award set aside for want of evidence which, if produced, they say would have justified a different conclusion.

We also add, without entering into detail, that from an inspection of the award, as made, it is apparent that the Colorado expectancy table must have been used. The figures which the Attorney General has set out in his brief, but which need not be reproduced here, satisfy us that this table was used, and properly used, by the commission. We conclude, therefore, that the undisputed evidence, taken as findings of fact, coupled with our assumption that the commission had before it the Colorado expectancy table, and that in reaching its conclusion that the same was taken into consideration, as were the matters specified in section 78, amply justify its award.

Defendants in error have assigned as cross-errors to the judgment of the district court, the failure of that tribunal, in accordance with their request, to direct the commission to withdraw its award of monthly payments after having awarded a lump sum. Their position is that the commission has no power or authority to award a lump sum compensation, unless and until it orders the suspension of the monthly compensation benefits until such time as the gross amount to be commuted into such lump sum would be realized by the payment of the maximum amount of monthly benefits, if no lump sum had been ordered. This contention, in other words, is that these monthly payments should be eliminated from the award. We do not so believe. Section 82 authorizes the commission "to order payment of all or any part of the compensation awarded in a lump sum, or in such manner as it may determine to be for the best interests of the parties concerned, and its discretion so ex-

ercised shall be final and not subject to review. When payment in a lump sum is ordered the commission shall fix the amount to be paid based on the present worth of partial payments considering interest at 4% per annum, and less deductions for the contingencies of death and remarriage. The aggregate of all lump sums granted to a claimant who has been found and declared by the commission to be permanently and totally disabled shall not exceed $3,125.00." Clearly the award is authorized by this section. It may be in part a lump sum, and if the commission thinks it is for the best interest of the parties, the balance due may be ordered to be paid monthly. The matter is left to the discretion of the commission and not subject to review. The employer and insurance carrier, however, say that this discretion is restricted to the determination as to whether it is to the best interests of the parties that a lump sum shall be awarded, and does not extend to the subsequent part of the section, which directs how the amount is to be arrived at, and how and when paid. There is no showing that the subsequent part of the section was not fully observed. If, as admitted by the defendants in error, it is discretionary with the commission to fix the amount of the lump sum within the maximum, it would seem necessarily to follow that it was also discretionary with the commission as to the determination of the amount, and the manner of payment of the remainder of the total sum claimant is entitled to. Since the commission expressly retained jurisdiction so that it might make any necessary change in the future which seemed equitable, and as it had the power to award a part of the total compensation in a lump sum, and the balance by way of monthly payments, and as there has been no showing that the provisions of section 82 were not complied with, we think that the cross-errors assigned should be overruled.

It follows that the judgment of the district court was wrong and should be, and hereby is, reversed, and the case should be, and it is hereby, remanded to the district court with instructions to vacate its order setting aside the

award of the commission, and, in lieu thereof, to enter a judgment approving the award in all particulars.