Robert RINEHART, Petitioner,

v.

The INDUSTRIAL COMMISSION of the State of Colorado, Division of Labor, Northeastern Junior College, and State Compensation Insurance Fund, Respondents.

No. 85CA0367.

Colorado Court of Appeals,
Div. II.

March 27, 1986.

Rehearing Denied April 24, 1986.

Richard T. Goold, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Div. of Labor.

No appearance for Northeastern Junior College.

No appearance for State Compensation Ins. Fund.

STERNBERG, Judge.

Claimant, Robert Rinehart, seeks review of an order of the Industrial Commission denying his application for partial payment of his permanent total disability compensation in a lump sum. We affirm.

Claimant was awarded permanent total disability benefits on August 29, 1984. On January 10, 1985, claimant filed an application for a partial lump sum settlement in the amount of $21,000. The application stated that the purpose of the requested partial lump sum was to pay claimant's outstanding bills including $15,000 owed to the attorney who had handled his compensation claim.

The Commission found that payment of the partial lump sum would not be in the best interest of the parties and denied the application. This conclusion was based upon the nature of claimant's disability and upon the Commission's finding that the $15,000 charge by claimant's attorney was excessive.

On review, claimant contends that the Commission acted in excess of its statutory powers in basing its denial of a lump sum payment upon a determination that claimant's attorney fee was excessive. It is claimant's argument that because the Commission could not determine the amount of attorney fees which could be charged to claimant, it is precluded from considering the amount of the fee in determining whether to authorize a lump sum settlement for the primary purpose of paying that fee. We disagree.

Pursuant to § 8–52–103(1), C.R.S., the Commission has broad discretion to determine whether a lump sum settlement would be in the best interest of the parties. There is no absolute right to receive a lump sum settlement as opposed to periodic payments. *See Industrial Commission v. Big Six Coal Co.,* 72 Colo. 377, 211 P. 361 (1922). It has long been recognized that this determination is not susceptible to a fixed rule and that the Commission may consider the individual circumstances of each case in reaching its decision. *See Kokotovich v. Industrial Commission,* 69 Colo. 572, 195 P. 646 (1921).

Here, claimant's primary purpose in requesting a partial lump sum settlement was to pay his attorney fees in a single payment. Whether, in light of claimant being permanently and totally disabled, his best interests would be served by the immediate payment in full of his obligation was an issue to be determined by the Commission. Because the amount and reasonableness of this fee were factors which could affect whether a lump sum settlement would be in claimant's best interest,

the Commission did not act in excess of its statutory authority in considering the amount of attorney fees in concluding that it should deny a lump sum settlement.

■ We also do not agree with claimant's contention that denial without hearing of the application for lump sum payment violates due process. *Sears, Roebuck & Co. v. Baca,* 682 P.2d 11 (Colo.1984) relied upon by claimant is inapposite here: the right to receive benefits has not been impacted, and articulated standards—rules and regulations—governed the determination of the lump sum request. This was not the case in *Sears, Roebuck & Co. v. Baca, supra.*

Order affirmed.

SMITH and BABCOCK, JJ., concur.