Ray D. WARREN, Petitioner,

v.

SOUTHERN COLORADO EXCAVA-TORS, Colorado Compensation Insurance Authority, the Industrial Claim Appeals Office of the State of Colorado, and Subsequent Injury Fund, Respondents.

No. 92CA0601.

Colorado Court of Appeals, Div. V.

March 25, 1993.

Rehearing Denied May 6, 1993.

Certiorari Denied Nov. 29, 1993.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John R. Parsons, Jill M.M. Gallet, Denver, for respondents Industrial Claim Appeals Office and Subsequent Injury Fund.

Opinion by Judge RULAND.

Contending that his application for a lump sum award should be granted, Ray D. Warren, claimant, seeks review of the final order of the Industrial Claim Appeals Panel, that dismissed his petition to review the order of the director of the Division of Workers' Compensation denying his application. He contends that § 8–43–406(1), C.R.S. (1992 Cum. Supp.), which limits review of orders concerning lump sum distribution, is unconstitutional. We affirm.

On September 17, 1991, the director denied claimant's application under § 8–43–406(1) for a lump sum distribution. Claimant filed a petition to review with the Panel, contending that the director had abused his discretion in denying the application.

Section 8–43–406(1) provides:

At any time after six months have elapsed from the date of injury, the director, in the exercise of discretion ... may order payment of all or any part of the compensation awarded in a lump sum, or in such manner as the director may determine to be for the best interests of the parties concerned, and *the director's order shall be final and not subject to review.* (emphasis added)

The Panel concluded that the change in statutory language was intended to preclude review for abuse of discretion and dismissed claimant's petition for lack of jurisdiction. The Panel also concluded that, if it had jurisdiction, it would affirm the director's order on the merits.

I

Pointing out that § 8–43–406(1) contains no detailed standard for determining whether an application for lump sum distribution should be granted or denied, claimant contends that it is unconstitutionally vague and represents an unconstitutional delegation of power. We disagree.

Former Division of Labor Rule No. XI B, 7 Code Colo.Reg. 1101–3, the regulation in effect when claimant filed his application, established both procedures and minimal guidelines. The regulation provided that an application must demonstrate that a lump sum payment is in the best interest of the parties and that, to ensure favorable consideration, it must "contain sufficient information indicative of a bona fide need of the lump sum payment." We also note that the prescribed forms requested information relevant to claimant's financial need.

As a division of this court has previously noted, the award of a lump sum payment must be determined on a case-by-case basis. *Rinehart v. Industrial Commission,* 719 P.2d 729 (Colo.App.1986). Because of the number of variable, but diverse, factors which may be involved in assessing each application, adopting fixed criteria would be difficult. Fundamental fairness does not require a statute to enumerate examples or criteria in every instance. *See People in Interest of D.A.K.,* 198 Colo. 11, 596 P.2d 747 (1979).

Conversely, the "best interests" standard has been relied upon by the General Assembly on many occasions to govern the resolution of potentially conflicting interests. *See* § 10–3–702(4), C.R.S. (1987 Repl. Vol. 4A) (commissioner's approval of reinsurance based upon best interests of policy holders and the public); § 15–14–204(1), C.R.S. (1987 Repl.Vol. 6B) (court decision to appoint a guardian ad litem turns on best interests of the minor). Hence, we perceive no constitutional violation here especially when consideration is given to the

fact that a claimant does not have an absolute right to a lump sum award. *Rinehart v. Industrial Commission, supra.*

By the same reasoning, we conclude that the statute did not constitute an unconstitutional delegation of power to an administrative agency. *See Douglas County Board of Commissioners v. Public Utilities Commission,* 829 P.2d 1303 (Colo. 1992); *Cottrell v. City & County of Denver,* 636 P.2d 703 (Colo.1981).

## II

■ Claimant also contends that, as interpreted by the Panel, the amendment to the lump sum distribution statute denies access to the courts in violation of Colo. Const. art. II, § 6. We disagree.

The provision of the Workers' Compensation Act authorizing the award of a lump sum to a claimant was originally adopted in 1919. *See* Colo.Sess.Laws 1919, ch. 210 at 734. From the onset and until 1990, the lump sum provision provided that the Commission's exercise of discretion in making the award "shall be final and not subject to review." *See* § 8–53–103(1), C.R.S. (1986 Repl.Vol. 3B).

In discussing judicial review of the former Industrial Commission's decision to grant or to deny a lump sum award, our supreme court stated in *Kokotovich v. Industrial Commission,* 69 Colo. 572, 574, 195 P. 646, 647 (1921) that the Commission's decision could not be disturbed unless it constituted "a gross abuse of discretion, hence in excess of the power of the commission."

The fact that the Commission's exercise of discretion would not be disturbed in connection with judicial review was again noted by our supreme court in *Industrial Commission v. Big Six Coal Co.,* 72 Colo. 377, 211 P. 361 (1922). However, a challenge to the decision characterized as a decision in excess of the Commission's statutory powers was accorded judicial review. *See Rinehart v. Industrial Commission, supra; see also Webster v. Doe,* 486 U.S. 592, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988) (fn.7) (agency decision may be reviewed in order to ensure that it followed its own regulations).

In conjunction with the 1990 reenactment of the Workers' Compensation Act, the language governing review of the director's decision was modified only to the extent that the phrase "director's order" was substituted for "discretion so exercised." *See* Colo.Sess.Laws 1990, ch. 62, § 8–43–406(1), 463 & 515.

The Panel viewed the modification as precluding its review of the director's order and dismissed claimant's petition. Because the petition challenged only the director's exercise of discretion, we agree that the decision was not subject to appellate review. We do not agree, however, with claimant's contention that he has been deprived of access to the courts in violation of Colo. Const. art. II, § 6.

That constitutional provision states that:

Courts of justice will be open to every person, and a speedy remedy afforded for every injury to person, property or character....

■ It has been interpreted as guaranteeing that courts will be available to enforce rights which accrue by law. *Sigman v. Seafood Limited Partnership I,* 817 P.2d 527 (Colo.1991). However, as pertinent here, this guarantee does not foreclose the General Assembly from placing valid limitations upon any remedy. *See State v. DeFoor,* 824 P.2d 783 (Colo.1992).

Here, we do not view the language of § 8–43–406 as effecting any change which may be deemed as violating Colo. Const. art. II, § 6.

■ We must interpret a statute in a constitutional manner so long as that construction is consistent with the legislative intent. *See Perry Park Water & Sanitation District v. Cordillera Corp.,* 818 P.2d 728 (Colo.1991). And, as noted, claimant's entitlement to a lump sum award is not an absolute right because periodic payments in the full amount authorized by the Act continue if the request is denied. *Rinehart v. Industrial Commission, supra.*

Given this perspective, the 1990 amendment does not foreclose review if the director acts in excess of the authority granted that office in resolving the payment of a lump sum award as, for example, by predicating a decision on a factor or factors which have no bearing on the best interest of either party. Similarly, claimant is not foreclosed from seeking judicial assistance if the director fails to act. Under these circumstances, we conclude that no constitutional violation has been demonstrated.

The order is affirmed.

BRIGGS and HODGES *, JJ., concur.