SUPPORT, INC. and Colorado Compensation Insurance Authority, Petitioners and Cross–Appellees,

v.

THE INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO; Department of Labor & Employment, Division of Workers' Compensation—Intervenor; Mary Ann Whiteside, Director, Division of Workers' Compensation—Intervenor, Respondents,

and

Charlene M. Wolford, Respondent and Cross–Appellant.

No. 98CA0337.

Colorado Court of Appeals, Div. A.

Oct. 29, 1998.

Curt Kriksciun, Colorado Compensation Insurance Authority, Denver, Colorado, for Petitioners and Cross–Appellees.

No Appearance for Respondent Industrial Claim Appeals Office.

Steven H. Gurwin, Denver, Colorado, for Respondent and Cross–Appellant.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John D. Baird, Assistant Attorney General, Denver, Colorado, for Respondents.

Opinion by Judge RULAND.

In this workers' compensation proceeding, Support, Inc. and its insurer, Colorado Compensation Insurance Authority, (collectively employer) seek review of a final order issued by the Industrial Claim Appeals Office (Pan-

el). In that order, the Panel affirmed a determination by the Administrative Law Judge (ALJ) that Charlene M. Wolford (claimant) had not forfeited her right to ongoing medical benefits under § 8–43–402, C.R.S.1998, because of a certain felony conviction. We affirm.

Claimant sustained admitted physical and emotional injuries when she was assaulted at work on November 30, 1992. She received temporary total disability (TTD) benefits, an award of permanent disability benefits, and future medical benefits for psychiatric treatment.

Thereafter, claimant pled guilty to a criminal charge of willfully making a false statement or representation material to a claim for recovery under the Workers' Compensation Act, § 8–40–101, et seq., C.R.S.1998. The charge related to allegations that claimant was employed during the time she received TTD benefits. The trial court sentenced her to probation for a period of six years and required that she pay restitution, the cost of the State's investigation, and a penalty in the amount of $3400.

Employer subsequently filed a Final Admission of Liability asserting that § 8–43–402 terminated claimant's right to any type of compensation upon her conviction. Claimant contested the admission and requested a hearing to determine only whether § 8–43–402 barred her from receiving future medical benefits.

After an evidentiary hearing, the ALJ determined that the forfeiture required under § 8–43–402 did not include medical benefits. On review, the panel agreed with the ALJ.

## I.

■ We first address employer's contention that the forfeiture required under § 8–43–402 applies to medical benefits. Because we are persuaded by the Panel's interpretation of the statute, we reject employer's contention.

Section 8–43–402 provides as follows:

If, for the purpose of obtaining any *order, benefit, award, compensation, or payment* under the provisions of articles 40 to 47 of this title, either for self-gain or for the benefit of any other person, anyone willfully makes a false statement or representation material to the claim, such person commits a class 5 felony and shall be punished as provided in section 18–1–105, C.R.S., and shall forfeit *all right to compensation under said articles* upon conviction of such offense. (emphasis supplied)

■ In construing this statute, we must determine and give effect to the intent of the General Assembly. To ascertain that intent, we must construe the words and phrases of the statute according to their plain and obvious meaning. *Carlson v. Industrial Claim Appeals Office,* 950 P.2d 663 (Colo.App.1997).

■ However, if, as here, a statute is susceptible of more than one interpretation, the court must rely on principles of statutory construction, taking into account the nature of the problem addressed by the legislation and the consequences of a particular construction. *Metro Glass & Glazing, Inc. v. Orona,* 868 P.2d 1178 (Colo.App.1994). In addition, we must accord deference to the interpretation of the statute by the agency charged with its enforcement—the Panel. *Gianetto Oil Co. v. Industrial Claim Appeals Office,* 931 P.2d 570 (Colo.App.1996).

■ As a result, the Panel's interpretation will be set aside only if it is inconsistent with the clear language of the statute or with the legislative intent. *Popke v. Industrial Claim Appeals Office,* 944 P.2d 677 (Colo.App.1997).

■ Here, the scope of the forfeiture clause set forth in § 8–43–402 turns on the meaning of the term "compensation." Employer contends that the term is intended to have a broad application. To support this argument, employer points to several provisions of the Act which it contends use the term "compensation" to encompass all types of payments required under the Act. For example, employer cites to § 8–41–301, C.R.S.1998, which sets forth the conditions of recovery under the Act and refers simply to "[t]he right to compensation provided for in articles 40 to 47" of Title 8. We are not persuaded.

Initially, we note that the statute first addresses a claimant who seeks to obtain any

"order, benefit, award, compensation, or payment." The statute then proceeds to create a forfeiture only as to "compensation," thus indicating that the forfeiture is limited to a specific category.

Further, in *Wild West Radio, Inc. v. Industrial Claim Appeals Office*, 886 P.2d 304 (Colo.App.1994), a division of this court addressed a similar question of statutory interpretation when it determined that medical benefits did not constitute "compensation" subject to a 50% reduction under § 8–42–112(1), C.R.S.1998, for safety violations and intoxication. The division in *Wild West Radio* acknowledged that a prior decision had refused to attribute a significant distinction to the words "compensation," "benefits," and "award" because the terms had been used interchangeably. However, it distinguished that case on the ground that such terms were synonymous only in the context of the reopening statute.

The *Wild West Radio* division concluded that, because § 8–42–112(1) imposed a penalty, it should be construed narrowly in view of the remedial purposes of the Act. It further noted that such a result was consistent with other provisions of the Act which treat medical benefits separately from indemnity benefits. As further support, the division referred to cases under early versions of the Act that also had excluded medical benefits from penalty statutes.

While the statutory provisions relied upon by employer appear to incorporate a broad usage of the word "compensation," none provide for the imposition of a penalty. *See* § 8–40–203, C.R.S.1998 (defining employer); § 8–41–203, C.R.S.1998 (addressing the election of remedies where a third-party tortfeasor is involved and the compromise of such actions); § 8–41–204, C.R.S.1998 (extending coverage to employees injured outside of the state); § 8–41–303, C.R.S.1998 (employer's liability for loaned employee); § 8–41–304, C.R.S.1998 (liability of successive employers for an occupational disease); § 8–41–504, C.R.S.1998 (no dependent of a living employee is a party in interest); and § 8–43–404,

C.R.S.1998 (employee having a right to compensation must submit to an independent medical examination).

In contrast, the use of the term "compensation" as used in the forfeiture clause of § 8–43–402 closely resembles the use of that same term in the penalty statute that was at issue in *Wild West Radio*. Therefore, we consider that decision persuasive authority for the strict interpretation of that term adopted by the Panel.

Accordingly, we perceive no basis for setting aside the Panel's interpretation of the statute.

## II.

Employer further asserts that the restrictive construction of the term "compensation" by the Panel produces an absurd result because the insurer could be liable for medical benefits even though the underlying claim itself is fraudulently filed as in the case of a non-work-related injury. Again, we are not persuaded.

We recognize that the principles of statutory construction may not be applied in a manner that causes an absurd result. *See* § 2–4–201(1)(c), C.R.S.1998. However, we perceive no such result here based upon the Panel's interpretation of the statute.

Instead, if a fraudulent claim is filed based upon a non-work-related injury, a claimant is not entitled to an award of medical benefits from the outset. Indeed, the claimant would not be entitled to an award of any type. *See* § 8–41–301(1)(b), C.R.S.1998.

## III.

Because we have determined that claimant is not required to forfeit her medical benefits, we need not consider her contention on cross-appeal that such a forfeiture would result in double jeopardy.

The order is affirmed.

Chief Judge HUME and Judge STERNBERG * concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1998.

The order of the Panel is affirmed as to the exclusion of vacation and sick leave in claimant's average weekly wage, and that portion of the order including pension benefits in the calculation is set aside. The cause is remanded to the Panel with instructions to remand to the ALJ for recalculation of claimant's average weekly wage without the pension contribution.

Judge RULAND and Judge STERNBERG concur.