Aline Ellen **TRYON**, Respondent–Appellant,

v.

**COLORADO STATE BOARD OF NURSING,** Appellee.

No. 98CA0188.

Colorado Court of Appeals, Div. II.

May 27, 1999.

Certiorari Denied Nov. 29, 1999.

Kutak Rock, Melvin B. Sabey, Mark L. Sabey, Denver, Colorado, for Respondent–Appellant.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Mary S. McClatchey, Assistant Attorney General, Denver, Colorado, for Appellee.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Susan Schneider, Assistant Attorney General, Denver, Colorado, Amicus Curiae for Colorado Department of Public Health and Environment.

Opinion by Judge KAPELKE.

Respondent, Aline Ellen Tryon, a registered nurse, appeals a final order of the Colorado State Board of Nursing authorizing issuance of a letter of admonition to her as a sanction for purported violations of the Colorado Nurse Practice Act (NPA), § 12–38–101, et seq., C.R.S.1998. We vacate the order and remand with directions.

At all relevant times, respondent was the vice-president of patient care services at Littleton Hospital. In that capacity, she was responsible for the oversight of the division of nursing, which included seven individual departments. Each department had a director who reported to respondent and who had responsibility for all management functions relating to the delivery of clinical care to patients. The charge nurses, staff nurses, and all other personnel reported to the department directors and not to respondent.

While respondent was vice-president of patient care services, two incidents occurred involving substandard nursing care. The first incident involved a patient who died of postpartum complications after the nursing staff failed to recognize her symptoms and report them to a physician. The second incident involved an infant who suffered infiltration at an intravenous site, as a result of which he later had to undergo two surgeries. Respondent was on a medical leave of absence when this incident occurred.

The Colorado Department of Public Health and Environment (Department) investigated the two incidents and issued a statement of deficiencies to the hospital regarding hospital policies and systems, and the nursing care provided.

After conducting its own investigation, the Colorado Board of Nursing (Board) also found deficiencies in the nursing care and then proceeded to discipline the nurses who had cared for the patients involved in the two incidents. The Board also disciplined respondent by issuing her a letter of admonition. Thereafter, respondent appealed her sanction, challenging the Board's jurisdiction to discipline her for her conduct as an administrator.

Following a hearing, an Administrative Law Judge (ALJ) found that the Board had jurisdiction over respondent and that she had committed violations of the NPA. The ALJ also concluded that the letter of admonition was a proper sanction. The Board accepted

the ALJ's findings and conclusions and further held that respondent had committed two additional violations of the NPA. This appeal followed.

Respondent contends that the NPA does not authorize the Board to discipline her for the conduct at issue here because she was not engaged in the "practice of professional nursing" within the meaning of the Act. Under the circumstances here, we agree.

At the hearing before the ALJ, the Board's program administrator, who is the person responsible for advising the Board on its interpretation of the scope of "professional nursing," testified that § 12–38–103(10)(b)(III), C.R.S.1998, was the sole statutory basis for the Board's proceeding against respondent for her alleged conduct.

That section provides that the "practice of professional nursing" includes:

Providing therapy and treatment that is supportive and restorative to life and well-being either directly to the patient or indirectly through consultation with, delegation to, supervision of, or teaching of others. . . .

The Board contends that respondent failed to implement necessary systems and policies and that her conduct and omissions came within the "supervision" provision of § 12–38–103(10)(b)(III). Generally, the Board argues that the "supervision of personnel associated with nursing functions is included in the legal definition of the practice of professional nursing."

On the other hand, respondent asserts that the Board's own rules and regulations define "supervision" more narrowly and that her conduct at issue here –which involved administrative functions rather than the actual providing of patient therapy and treatment—did not constitute the providing of therapy or treatment through supervision within the meaning of the statute.

■ In construing the meaning of a statute, we must determine and give effect to the intent of the General Assembly. To ascertain that intent, we must look to the language of the statute, construing the words and phrases in accordance with their plain and ordinary meaning. *Colorado State*

*Board of Nursing v. Bethesda Psychiatric Hospital,* 809 P.2d 1051 (Colo.App.1990).

Notably, the statute here, § 12–38–103(10)(b)(III), refers to "providing therapy and treatment" which appears to contemplate the actual performance of such services for patients or the supervision of such services.

■ Also, in interpreting a statute, a reviewing court must accord deference to the interpretation adopted by the agency charged with enforcement of that statute. *Support, Inc. v. Industrial Claim Appeals Office,* 968 P.2d 174 (Colo.App.1998). However, if the agency's interpretation is inconsistent with its own rules, such interpretation is not entitled to deference. *Regents of University of Colorado v. City & County of Denver,* 929 P.2d 58 (Colo.App.1996).

According to chapter 13, section 3.5 of the Board's rules and regulations, "supervision" is defined as:

[t]he provision of guidance and review by a qualified professional nurse for the accomplishment of a nursing task or activity with initial direction of the task and periodic inspection of the actual act of accomplishing the task or activity, and evaluation of the outcome.

Respondent argues that this definition of supervision contemplates the overseeing of the accomplishment of specific nursing tasks and activities in the treatment of specific patients. She goes on to urge that because her questioned administrative conduct did not involve oversight of such tasks and activities, it cannot form the basis for disciplinary sanctions.

■ We agree with respondent that, under the Board's own interpretation of the statutory term "supervision," respondent's conduct at issue here did not constitute the "practice of professional nursing." It did not involve guidance and review for the accomplishment of a nursing task or activity with initial direction of the task and periodic inspection of the actual acts in the treatment of patients and evaluation of the outcome.

As noted, it is undisputed that respondent was not involved in the actual treatment of, or in overseeing the treatment provided to,

the patients involved in the incidents that gave rise to the investigation and ultimate disciplinary sanctions. Indeed, respondent was on a medical leave of absence at the time of the second incident. The record reflects that the Board did discipline those nurses who were actually involved in the provision of substandard care.

We recognize that under the NPA there are forms of "supervision" that would constitute the practice of professional nursing and therefore may give rise to disciplinary proceedings. However, under the circumstances here, the challenged administrative activities of respondent were not "supervision" for purposes of the Act and, thus, did not constitute the "practice of professional nursing" for which she could be disciplined by the Board. In her administrative capacity, respondent was not providing guidance or initial direction of a nursing task, nor was she performing any periodic inspection or evaluation of a patient's treatment. Therefore, we conclude that the Board exceeded its authority in disciplining respondent.

In light of our holding, we need not address respondent's other contentions.

The order of the Board is vacated, and the cause is remanded for dismissal of the charges against respondent.

Judge CRISWELL and Judge PLANK concur.