**Stephanie NELSON, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado, Specialty Restaurants Corp., and Colorado Insurance Guaranty Association, on behalf of Western Guaranty Fund, Respondents.**

**No. 08CA1069.**

Colorado Court of Appeals,
Div. II.

May 28, 2009.

Law Office of Stephanie J. Stevenson, P.C., Stephanie J. Stevenson, Colorado Springs, Colorado, for Petitioner.

John W. Suthers, Attorney General, Katie A. Allison, Assistant Attorney General, Den-

ver, Colorado, for Respondent Industrial Claim Appeals Office.

McElroy, Deutsch, Mulvaney & Carpenter, LLP, Thomas L. Kanan, Kristin A. Caruso, Denver, Colorado, for Respondents Specialty Restaurants Corp. and Colorado Insurance Guaranty Association.

Susan D. Phillips, Denver, Colorado, for Amicus Curiae Workers' Compensation Education Association.

Opinion by Judge CARPARELLI.

In this workers' compensation action, claimant, Stephanie Nelson, seeks review of the final order of the Industrial Claim Appeals Office (Panel) setting aside an order which required employer, Specialty Restaurants Corp., and Colorado Insurance Guaranty Association on behalf of the insurer, Western Guaranty Fund (collectively employer), to compensate claimant in a second, lump sum payment. We reverse.

## I.

The essential question here is whether the 2007 amendment to section 8–43–406(2), C.R.S.2008, which increased the aggregate amount a workers' compensation claimant may receive in one or more lump sums, permits this claimant, who previously received a lump sum payment before the amendment, to receive an additional lump sum payment equal to the difference between the amended aggregate amount and the amount she previously received. We conclude claimant is entitled to the additional amount.

Claimant sustained an admitted work-related injury in 1990. At that time, section 8–43–406(2) limited the aggregate of all lump sums granted to a claimant who had been awarded compensation for permanent total disability to not more than $26,292. Ch. 62, sec. 1, 1990 Colo. Sess. Laws 515. Effective July 1, 1991, an amendment increased the maximum aggregate amount to $37,560. Ch. 219, sec. 41, 1991 Colo. Sess. Laws 1326. The most recent amendment, effective May 30, 2007, increased the maximum aggregate amount to $60,000.

In December 2006, an administrative law judge found claimant to be permanently and totally disabled and awarded her permanent total disability (PTD) benefits. Claimant applied for and was awarded a lump sum payment of $26,292 in February 2007, which, the parties agree, was the maximum lump sum allowed by statute *when claimant was injured.* In November 2007, claimant applied for an additional lump sum payment of $33,708, the difference between the newly enacted $60,000 maximum aggregate amount and the aggregate lump sum payment she previously received.

In December 2007, the Director of the Division of Workers' Compensation issued an order stating that because lump sum payment is a method of disbursing awarded benefits, the amendment increasing the aggregate amount was procedural. He explained further that the amendment did not impair the employer's substantive rights because overall it would pay out the same amount of benefits as it would have before the change. Accordingly, the Director ordered employer to pay the requested lump sum. In May 2008, the Panel set aside the Director's order, finding that issue was controlled by the ruling in *Eight Thousand West Corp. v. Stewart,* 37 Colo.App. 372, 546 P.2d 1281 (1976) (rejecting a claimant's contention that an increase in the maximum lump sum payment applied retroactively). This appeal followed.

## II.

Claimant contends that the Panel erred when it concluded that the Director's determination had to be reversed because it was contrary to the holding in *Eight Thousand West.* Although the Panel was required to apply the holding in *Eight Thousand West,* we are not persuaded by the rationale of that decision and decline to follow it. Instead, like the Director, we conclude that the May 2007 amendment may be applied to claimant's request.

### A.

▪ Absent legislative intent to the contrary, "a statute is presumed to be prospective in its operation." § 2–4–202, C.R.S.2008;

see *Ficarra v. Dep't of Regulatory Agencies,* 849 P.2d 6, 14 (Colo.1993) (legislative intent to the contrary need not be explicitly stated). Prospective operation means the statute "operates on transactions occurring after its effective date." *Am. Comp. Ins. Co. v. McBride,* 107 P.3d 973, 977 (Colo.App.2004) (*McBride* ).

■ Workers' compensation *awards* "are determined by the statute in effect at the time of a claimant's injury." *McBride,* 107 P.3d at 977. However, once an award has been determined, the enforcement of rights and liabilities established by the award is a matter of procedure, and "procedural changes in [a workers' compensation] statute become effective during the pendency of a claim." *McBride,* 107 P.3d at 977.

■ In addition, when an amendment to the statute "covers the same subject matter as the original statute," and the person "claiming under the amendment [fulfilled the requirements of the statute and] had a continuing status under both the original statute and the amendment," application of the amendment to that person is prospective in nature, and not retroactive or impermissibly retrospective. *See Taylor v. Public Employees Retirement Ass'n,* 189 Colo. 486, 489, 542 P.2d 383, 386 (1975) (citing *People ex rel. Albright v. Board of Trustees,* 103 Colo. 1, 13, 82 P.2d 765, 771 (1938)).

■ We give deference to reasonable interpretations of a statute adopted by the officer or agency charged with its administration. *Indus. Claim Appeals Office v. Orth,* 965 P.2d 1246, 1254 (Colo.1998); *Dillard v. Indus. Claim Appeals Office,* 121 P.3d 301, 304 (Colo.App.2005), *aff'd,* 134 P.3d 407 (Colo.2006). Consequently, we will set aside the agency's interpretation only "if it is inconsistent with the clear language of the statute or with the legislative intent." *Support, Inc. v. Indus. Claim Appeals Office,* 968 P.2d 174, 175 (Colo.App.1998); *accord Popke v. Indus. Claim Appeals Office,* 944 P.2d 677, 680 (Colo.App.1997).

### B.

In pertinent part, section 8–43–406 states:

Compensation in lump sum. (1) At any time after six months have elapsed from the date of injury, the claimant may elect to take all or any part of the compensation awarded in a lump sum by sending written notice of the election and the amount of benefits requested to the carrier or the noninsured or self-insured employer....

(2) The aggregate of all lump sums granted to a claimant who has been awarded compensation shall not exceed sixty thousand dollars.

### C.

Because there is no indication that the General Assembly intended otherwise, we must presume section 8–43–406 is prospective in its operation.

■ In addition, unlike sections of article 42 of title 8, section 8–43–406 does not establish requirements for the award of benefits, limit the amount of benefits that may be awarded, or modify the amount of existing awards. Instead, like other sections of article 43, it pertains to awards that have already been determined and provides procedures for administering those benefits. Therefore, we conclude section 8–43–406(2), as amended, is procedural and prospective, and, thus, applies to transactions that occur after its enactment. *McBride,* 107 P.3d at 977.

■ Procedurally, the 1990 and 1991 versions of section 8–43–406(1) provided that the Director had the discretion to order payment of all or part of an award of compensation for PTD in a lump sum. The 1990 version limited the aggregate lump sum amount to $26,292 and the 1991 version increased that limit to $37,250. The only requirements were that PTD benefits had been awarded and that the Director exercised discretion to grant payment in a lump sum. In 2007, the General Assembly amended section 8–43–406(1) to enable a *claimant to elect* to receive all or part of his or her PTD compensation in a lump sum. Thus, the procedure for lump sum payment was changed from an exercise of the Director's discretion to a claimant's election. Despite this change, we conclude

that the 2007 amendment covers the same subject matter as the 1990 and 1991 versions.

Because the amendment covers the same subject matter as the 1990 and 1991 versions, it may be applied to persons who fulfilled the requirements of the earlier versions and enjoyed a continuing status under them.

### D.

■ Claimant was awarded PTD benefits in 2006, and, thus, fulfilled the first requirement of the statute before it was amended in 2007. In addition, she applied for and was granted a lump sum payment before the amendment. Therefore, we conclude that although she was awarded that payment in the exercise of the Director's discretion, she fulfilled the requirements to receive a lump sum payment and enjoyed a continuing status under both the 1991 version of section 8–43–406(2) and the July 2007 amendment. In addition, the amendment is procedural and claimant's November 2007 application for an additional lump sum payment occurred after its enactment. Therefore, we conclude that, in accordance with the decisions in *Taylor*, 189 Colo. at 489, 542 P.2d at 386, *Albright*, 103 Colo. at 13, 82 P.2d at 771, and *McBride*, 107 P.3d at 977, the amendment may be applied to claimant and her application.

Under Division of Worker's Compensation procedures, the permissible amount of a lump sum payment is calculated based on the weekly benefit already awarded, the number of years the employer would continue to pay that benefit in the future, the present value of that benefit, and a reduction in the employer's weekly liability. Workers' Compensation Rules of Procedure Rule 5.10, 7 Code Colo. Regs. 1101–3. Although claimant will receive an additional portion of her PTD award as a lump sum rather than in installments, payment of the lump sum will cause the future installments to be reduced. Thus, the amount of the original PTD award will not be modified and employer's liability will not increase, and, like the supreme court in *Taylor*, we conclude that the rights and obligations of each side will remain in balance.

### E.

We are mindful that a division of this court concluded otherwise in *Eight Thousand West Corp.* However, there, the division provided little analysis and premised its conclusion on consideration of the effect retroactive application of the statute would have on insurers. We conclude that the effect of the statute is a policy consideration within the province of the General Assembly and not this court. In contrast, we have endeavored to effectuate the intent and purpose of the legislature by considering the statutory scheme as a whole, applied the legislative mandate that statutes are presumed to be prospective in their operation, and applied general principles regarding the prospective application of procedural amendments. In addition, the Director charged with administration of the statute engaged in a reasonable interpretation of the amendment, and we agree with that interpretation. Although the Panel correctly concluded that it was required to apply the ruling in *Eight Thousand West*, we are not so constrained and need not defer to the Panel's conclusion in that regard.

### III.

Accordingly, we conclude the Panel erred when it set aside the Director's order granting claimant's request for an additional lump sum payment.

The Panel's order is reversed.

Judge TAUBMAN and Judge CONNELLY concur.