24CA1955 Medicinal Wellness v ICAO 04-17-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1955
Industrial Claim Appeals Office of the State of Colorado
DD No. 10584-2024

Medicinal Wellness Center LLC,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER SET ASIDE AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE TOW
Dunn and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 17, 2025

Thorburn Law Group, LLC, James D. Thorburn, Greenwood Village, Colorado, for Petitioner

No Appearance for Respondent

¶ 1     Medicinal Wellness Center LLC (employer) appeals an order of the Industrial Claim Appeals Office (Panel). The Panel affirmed the determination of a hearing officer for the Division of Unemployment Insurance (Division) that employer engaged in a pattern of failing to timely or adequately respond to requests for information from the Division during calendar year 2023. We set aside the Panel's order and remand the case for the Panel to vacate the hearing officer's decision.

## I.     Background

¶ 2     It is undisputed that, in 2023, (1) the Division sent employer at least three requests for job separation information for three separate employees, and (2) employer responded late to one request and did not respond at all to two of the requests. In January 2024, a deputy for the Division sent employer a notice of decision stating that it had determined that employer engaged in a pattern — as described in section 8-79-102(5)(a), C.R.S. 2024 — of failing to timely or adequately respond to the Division's requests for information relating to claims for compensation.

¶ 3     Employer appealed the deputy's decision to a Division hearing officer. It argued that the Division had not alleged that benefits

1

were wrongfully paid because of its failure to respond to a request for information. Therefore, there was no basis upon which the Division could make the finding that employer engaged in a pattern of failing to respond to the Division's requests.

¶ 4    The hearing officer noted that the issue of whether any benefits were wrongfully paid was not before him, and he would only address whether employer established a pattern of failing to timely or adequately respond to the Division's requests for information. After considering the record and the testimony from employer's representatives, the hearing officer found that (1) employer had, in the past, not sent responses back to the Division if it agreed the former employee should receive unemployment benefits; (2) employer changed its practice in the past year to respond to all requests even if it did not contest benefits; and (3) of the requests for information sent to employer in calendar year 2023, employer failed to respond to two of them and responded late to another. Based on these findings, the hearing officer concluded that employer had engaged in a pattern of failing to respond to such requests, as described in section 8-79-102(5)(a), because employer's three failures to timely respond exceeded the

threshold established in the Division's regulations.  Div. of Unemployment Ins. Reg. 7.4.3.1, 7 Code Colo. Regs. 1101-2.

¶ 5     Employer appealed the hearing officer's decision to the Panel. It argued that whether it engaged in a pattern of not responding to the Division's requests for information was not ripe for adjudication. This was so, employer argued, because the determination of a pattern of behavior outlined in section 8-79-102(5)(a) does not arise until there is an allegation that an improper payment was made because of the employer's failure to respond to a request for information.

¶ 6     The Panel disagreed.  Specifically, the Panel found that the issue of whether employer engaged in a pattern of failing to respond timely or adequately to requests for information was ripe for review because, pursuant to Regulation 7.4.3.1, whether an employer has engaged in such a pattern is determined annually.  Further, because substantial evidence supported the hearing officer's decision, the Panel affirmed the hearing officer's determination that employer engaged in a pattern of failing to timely respond to the Division's requests for information.  Consequently, the Panel ruled that employer "could be subject to charging for improper payment

of benefits in instances where it fails to respond timely or adequately to Division requests for information in calendar year 2024."[1]

## II.    Discussion

¶ 7    Employer acknowledges that section 8-79-102(5)(a) allows the Division to determine whether an employer "has established a pattern of failing to respond timely or adequately" to requests for information about unemployment claims. Employer contends, however, that this determination can only be made after an improper payment has occurred "because the employer . . . was at fault for failing to respond timely or adequately" to the Division's request. We agree.

---

[1] Notably, because the Panel order appears to be limited in its effect to calendar year 2024, the issue is arguably moot. Although neither party raises this issue, we address it "because it may affect the existence of a justiciable controversy." *Nowak v. Suthers*, 2014 CO 14, ¶ 12. We conclude that, given the Division's apparent view that these determinations are to be made on an annual basis and will remain in effect only for the following year, this issue is capable of repetition yet evading review. *See Diehl v. Weiser*, 2019 CO 70, ¶ 10 (noting that an appellate court has jurisdiction over an otherwise moot appeal in such cases). Accordingly, we elect to address the merits of employer's appeal.

## A. Standard of Review

¶ 8 As relevant here, we may set aside the Panel's decision if the decision is erroneous as a matter of law. *See* § 8-74-107(6)(d), C.R.S. 2024; *Colo. Div. of Emp. & Training v. Parkview Episcopal Hosp.*, 725 P.2d 787, 790 (Colo. 1986).

¶ 9 We review de novo the Panel's legal conclusions, including its interpretation of a statute. *See Cath. Health Initiatives Colo. v. Indus. Claim Appeals Off.*, 2021 COA 48, ¶ 14. We interpret a statute to give effect to the intent of the General Assembly by applying the plain and ordinary meanings of the words used therein. *See Ortega v. Indus. Claim Appeals Off.*, 207 P.3d 895, 898 (Colo. App. 2009).

¶ 10 Although our review is de novo, "we generally accept an agency's statutory interpretation if it has been charged with the statute's administration and the interpretation has a reasonable basis in the law, and is warranted by the record." *Table Servs., LTD v. Hickenlooper*, 257 P.3d 1210, 1217 (Colo. App. 2011). We will set aside an agency's interpretation, however, "if it is inconsistent with the clear language of the statute or with the legislative intent."

*Support, Inc. v. Indus. Claim Appeals Off.*, 968 P.2d 174, 175 (Colo. App. 1998).

B.    Analysis

¶ 11    The Panel determined that section 8-79-102(5)(a) and Regulation 7.4.3 allow the Division to make an annual determination that an employer has engaged in a pattern of failing to respond to requests from the Division for information about unemployment claims, regardless of whether any such nonresponse has led to an improper payment of benefits.  We conclude that the Panel misreads section 8-79-102(5)(a).

¶ 12    Regulation 7.4.3 defines what constitutes a "pattern of failing to respond timely or adequately" and Regulation 7.4.3.1 precludes a finding that an employer engaged in a "pattern of failing to respond timely or adequately" if the employer's failures to respond in the preceding calendar year were less than three or less than three percent of such requests, whichever is greater.  We note initially that Regulation 7.4.3.1 does not, by its terms, require that the Division make an annual determination regarding an employer's pattern of not responding.  Rather, it requires that once section 8-79-102(5)(a) has been invoked, the determination of

whether an employer engaged in a pattern of failing to respond is based on the employer's actions in the prior year.

¶ 13     Section 8-79-102(5)(a) requires that the Division charge an employer's account for improper payments from the unemployment compensation fund if two separate conditions are met: (1) the payment was made because the employer failed to timely respond to the Division's request for information, and (2) the employer engaged in a pattern of failing to respond to such requests.  By its plain language, section 8-79-102(5)(a) is only triggered when an improper payment has been made from the unemployment compensation fund.  Thus, the pattern criterion is not relevant until there has been an improper payment that was caused by the employer's failure to respond to the Division's request for information.

¶ 14     Consequently, contrary to both the hearing officer's decision and the Panel's order, the statute does not provide an independent mechanism for the Division to determine that an employer engaged in a pattern of failing to respond to its requests in the absence of a determination that there was an improper payment caused by the employer's failure to respond.  Because the statute authorizes the Division to charge the employer's account for wrongfully paid claims

7

only upon the occurrence of those two conditions, it is unclear what effect an order finding that the employer engaged in such a pattern would have when it is untethered to an allegation of a wrongful payment.

¶ 15     Here, while it is undisputed that employer failed to adequately respond to at least three of the Division's requests for information about unemployment claims in 2023, the Division never alleged that an improper payment was made because of employer's failure to respond.  While we recognize that the Division would want to incentivize employers to promptly and accurately respond to its requests for information so that it does not improperly pay claims, section 8-79-102(5)(a) does not apply in the absence of some allegation that an improper payment was made.

¶ 16     We conclude that the hearing officer erred by entering an order declaring that the employer engaged in a pattern of failing to respond to the Division's requests for information under section 8-79-102(5)(a) without a corresponding allegation that an improper payment was made because of employer's failures to respond. Therefore, because the Panel affirmed the hearing officer's decision

based on a misapplication of section 8-79-102(5)(a), we set aside the Panel's order.  *See Support, Inc.*, 968 P.2d at 175.

### III.  Disposition

¶ 17    We set aside the Panel's order and remand the case for the Panel to vacate the hearing officer's decision.

JUDGE DUNN and JUDGE MEIRINK concur.