**IPMC TRANSPORTATION COMPANY and Reliance Insurance Company, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado; Robert T. Daniels; and Director, Division of Labor, Department of Labor and Employment, Respondents.**

No. 87CA0726.

Colorado Court of Appeals, Div. III.

Feb. 11, 1988.

Rehearing Denied March 17, 1988.

James R. Clifton & Associates, P.C., James R. Clifton, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

Dawes and Crane, P.C., Robert C. Dawes, Durango, for respondent Robert T. Daniels.

STERNBERG, Judge.

IPMC Transportation Company and Reliance Insurance Company (petitioners) seek review of a final order of the Industrial Claim Appeals Office (Panel) which awarded Robert Daniels (claimant) workmen's compensation benefits. We affirm.

Petitioners first contend that the hearing officer abused his discretion and deprived them of due process of law when he denied their request either to depose their medical experts who lived in Denver, or to have them testify in Denver, after the hearing in Durango wherein claimant presented his evidence. As a result of this ruling, petitioners' experts did not testify. However, their reports were included in the record.

The Panel rejected this contention, noting that § 8–53–103(1), C.R.S. (1986 Repl. Vol. 3B) and Industrial Commission Rule VIII, 7 Code Colo.Reg. 1101–3 at 14–16 vest the hearing officer with wide discretion in the conduct of evidentiary proceedings. The Panel concluded that although the hearing officer had the discretion to grant petitioners' requests upon a showing of good cause, petitioners' inconvenience and expense, when balanced against claimant's competing inconvenience, did not as a matter of law, constitute good cause. We

agree with the Panel's resolution of this issue.

 We also reject petitioners' argument that they were denied due process. The hearing officer did not require petitioners to present evidence prior to claimant's presentation of a *prima facie* case, which would have impermissibly shifted the burden of going forward. Rather, he ordered that if petitioners desired not to present their witnesses at the scheduled hearing in Durango, any depositions should be taken in advance. Petitioners chose to do neither, apparently under the mistaken belief that they had a right to a hearing in Denver. However, as the hearing officer noted in his order, petitioners were advised 60 days in advance of the hearing date that all evidence was to be presented at that time. Moreover, we agree with the Panel that a change in the order of proof does not constitute a due process violation. *See Schlesselman v. Gouge,* 163 Colo. 312, 431 P.2d 35 (1967). Thus, this contention is without merit.

Petitioners' final contention is that there was insufficient evidence upon which to find that claimant was entitled to benefits. We do not agree.

Although the evidence was conflicting and susceptible to differing conclusions, there is substantial evidence to support the award. As such, we may not disturb the order on review. *See Gelco Courier v. Industrial Commission,* 702 P.2d 295 (Colo.App.1985).

The order is affirmed.

VAN CISE and JONES, JJ., concur.