**CITY OF BOULDER and the Colorado Compensation Insurance Authority, Petitioners,**

v.

**Eugene A. DINSMORE and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 94CE0029.

Colorado Court of Appeals, Div. IV.

March 23, 1995.

Rehearing Denied April 20, 1995.

Certiorari Denied Sept. 25, 1995.

Colorado Compensation Ins. Authority, Michael J. Steiner, Denver, for petitioners.

Taussig & Taussig, John G. Taussig, Jr., Boulder, for respondents.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, amicus curiae for Workers' Compensation Educ. Ass'n.

Opinion by Judge NEY.

Petitioners, City of Boulder and Colorado Compensation Insurance Authority, seek review of the final order of the Industrial Claim Appeals Panel that awarded Eugene A. Dinsmore (claimant) medical impairment benefits for psychological impairment. The petitioners assert that the director of the Division of Workers' Compensation violated petitioners' right to procedural due process by failing to adopt "impairment rating guidelines" for psychological injuries as required by statute. We conclude that petitioners were not denied due process and, therefore, affirm.

Claimant worked as a heavy equipment operator for the City of Boulder. He suffered a nerve entrapment injury above his left elbow, and petitioners admitted liability for temporary total disability, medical benefits, and permanent partial disability for a scheduled award.

However, claimant also asserted that he sustained a psychological injury as a result of the admitted physical injury. The Administrative Law Judge (ALJ) determined that the reports of claimant's psychiatrist and social worker, which supported this additional finding, were credible and persuasive. Accordingly, the ALJ awarded claimant a 16% medical impairment rating for the psychological injury. On review, the Industrial Claim Appeals Panel affirmed.

■ Petitioners contend that they were denied procedural due process because the director failed to adopt rules and regulations as required by statute. We disagree.

I.

Both parties have attached to their briefs various documents, including what appears to be portions of the third edition of the *American Medical Association Guides to the Evaluation of Permanent Impairment* (*AMA Guides*) and a syllabus included in the Division of Workers' Compensation's accreditation training materials. These documents were relied upon by claimant's psychiatrist in formulating his opinion regarding the extent of medical impairment.

However, because these documents were not presented to the ALJ, they are not a part of the appellate record and they will not be considered in this appeal. *See Subsequent Injury Fund v. Gallegos,* 746 P.2d 71 (Colo. App.1987).

## II.

Section 8–42–101(3.5)(a)(II), C.R.S. (1994 Cum.Supp.) (applicable to injuries occurring on or after July 1, 1991), provides:

The director shall promulgate rules by January 1, 1992, establishing a system for the determination of ... medical impairment rating guidelines for impairment ratings as a percent of the whole person ... based on the revised third edition of the "American Medical Association Guides to the Evaluation of Permanent Impairment", [*AMA Guides*] in effect as of July 1, 1991.

Petitioners note that although a very specific rating system exists for other types of injuries, there is no rating system for psychological injuries in the *AMA Guides* and, furthermore, numerical ratings for such injuries are not recommended. Thus, petitioners assert that the absence of rules required by § 8–42–101(3.5)(a)(II) violated their right to due process. We are not persuaded.

■ Due process requires notice and the opportunity to be heard. *Hendricks v. Industrial Claim Appeals Office,* 809 P.2d 1076 (Colo.App.1990). In determining the adequacy of procedural safeguards, a reviewing court must balance several factors, including the private interests that are affected by the official action and the probable value, if any, of additional or substitute procedural safeguards. *Donn v. Industrial Claim Appeals Office,* 865 P.2d 873 (Colo.App.1993).

Although we agree that § 8–42–101(3.5)(a)(II) required the division to adopt guidelines, under the circumstances of this case, we conclude that petitioners were not deprived of due process.

Section 8–42–107(8)(c), C.R.S. (1994 Cum. Supp.) requires that medical impairment ratings be based upon the *AMA Guides.* Thus, even in the absence of guidelines promulgated under § 8–42–101(3.5)(a)(II), a statutory

standard existed to guide physicians in rendering opinions on permanent disability.

To the extent that the *AMA Guides* are deficient because they do not rate psychological injuries, that is a problem that should be resolved in the first instance by the General Assembly. *See Kraus v. Artcraft Sign Co.,* 710 P.2d 480 (Colo.1985).

In addition, §§ 8–42–107(8)(b) & 8–43–502(1), C.R.S. (1994 Cum.Supp.) provide for the selection of an independent medical examiner by either party who disputes the treating physician's finding of medical impairment. Under § 8–42–107(8)(b), the finding of such independent medical examiner is binding and may be overcome only by clear and convincing evidence.

Therefore, additional statutory relief was available to enable petitioners to contest the initial assessment of medical impairment. However, it appears that petitioners did not seek the opinion of an independent medical examiner.

Furthermore, petitioners acknowledge that, in March 1993, the division of labor had adopted Rule XIV(P), 7 Colo.Code Reg. 1101–3. That rule, entitled Impairment Rating Guidelines, required that:

(1) *MCAC (Medical Care Accreditation Commission) shall develop* and make recommendations to the director regarding *the appropriate report form for impairment ratings.*

(2) *All providers rendering impairment ratings shall render ratings on the report form designated by the division* of workers' compensation.

(3) The MCAC may utilize task forces to review the impairment rating guides.

(4) Effective 1/1/93 *all impairment ratings shall only be rendered by Level II accredited medical or osteopathic physicians.* (emphasis added)

Petitioners have not argued that Rule XIV(P) was invalid or unenforceable. Instead, they merely assert that Rule XIV(P) provides no guidance on how to rate psychological injuries.

However, Rule XIV(P) did impose certain requirements for the determination of medi-

cal impairment ratings beyond the mere use of the *AMA Guides*. The requirement that a certain form be utilized and that accreditation be obtained by any provider rendering an impairment rating assures consistency among the providers. Consequently, we conclude that Rule XIV(P) provided a guideline to assist the medical provider in rationally quantifying the ratings for medical impairment of all types of injuries. Furthermore, petitioners have not established the probable value, if any, of additional or substitute procedural safeguards.

Finally, the Workers' Compensation Act is expressly intended to provide "quick and efficient delivery of disability and medical benefits" to injured workers. Section 8-40-102, C.R.S. (1994 Cum.Supp.). Thus, Rule XIV(P) fulfills this requirement pending the division's further compliance with § 8-42-101(3.5)(a)(II) under the procedures established by the Administrative Procedure Act. *See* § 24-4-103, C.R.S. (1988 Repl.Vol. 10A).

Accordingly, we conclude that the above-cited statutory sections and rule provided adequate, although arguably not optimal, protection from abuse. Consequently, there was no denial of due process of law. *See Martinez v. Industrial Commission,* 632 P.2d 1044 (Colo.App.1981) (finding material differences between the circumstances in *Elizondo v. Motor Vehicle Division,* 194 Colo. 113, 570 P.2d 518 (1977) and the Workers' Compensation Act).

Here, the psychiatrist relied upon by the ALJ testified that he is a level II accredited physician and that he based his impairment rating upon the *AMA Guides* and a syllabus provided in the Division of Workers' Compensation's training materials. He explained that he rated claimant as "moderately impaired compatible with some but not all useful functions" based upon his review of both chapters 4 (dealing with the brain) and 14 (dealing with the mind) of the *AMA Guides* and the exercise of his judgment.

Thus, the ALJ's order was supported by evidence in compliance with both the statutes and the rule that were applicable at the time of hearing.

Order affirmed.

PLANK and RULAND, JJ., concur.