**Robert ORTEGA, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado and King Soopers, Respondents.**

No. 08CA0692.

Colorado Court of Appeals, Div. I.

Feb. 19, 2009.

Mark A. Simon, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Thomas Pollart & Miller, LLC, Eric J. Pollart, Greenwood Village, Colorado, for Respondent King Soopers.

Opinion by Judge LICHTENSTEIN.

In this workers' compensation proceeding against King Soopers (employer), Robert Ortega (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) affirming the ALJ's denial and dismissal of his claim for benefits based on an alleged industrial injury. Claimant challenges the ALJ's denial of a continuance and exclusion of his untimely-submitted medical reports. In particular, he challenges the ALJ's interpretation of the twenty-day rule under section 8–43–210, C.R.S.2008. We affirm.

At the September 13, 2007 administrative hearing, claimant's attorney informed the ALJ that his client faxed him a personal physician report one week prior to the hearing. The report, dated August 24, 2007, indicated claimant's injury was work-related. Claimant requested a continuance, asserting the need to determine the basis of the physician's opinion and also asserting employer had untimely provided medical reports to him. Claimant noted this was his first request for a continuance.

Employer objected, stating a continuance was not necessary for claimant's personal physician to expand on his medical report. Employer offered to assent to the admission of claimant's untimely medical report if claimant assented to the admission of employer's late reports. Before learning claimant's position on this offer, the ALJ denied a continuance.

At the hearing, claimant objected to employer's untimely submissions. Consequently, employer objected to claimant's untimely disclosure of two medical reports, one dated June 22, 2007 and the other dated August 24, 2007. The ALJ excluded both parties' untimely-submitted medical reports, concluding, "[Section 8–43–210] says documents are not admitted unless exchanged more than 20 days ahead of time, and there's no exception to that rule."

After the hearing, the ALJ denied benefits to claimant, finding that he did not prove his injury was a result of employment with employer.

Claimant appealed the ALJ's order to the Panel. He asserted the ALJ abused his discretion by denying claimant a continuance of the administrative hearing, and violated claimant's due process rights by excluding claimant's medical reports after denying the continuance. The Panel affirmed the ALJ's order. Claimant raises these same contentions on appeal.

I.

■ We disagree with claimant's first contention that the ALJ abused his discretion by denying the continuance.

Section 8–43–207(1)(j), C.R.S.2008, authorizes an ALJ to adjourn a hearing to a later date for the taking of additional evidence for good cause shown. *Dee Enters. v. Indus. Claim Appeals Office*, 89 P.3d 430, 440 (Colo. App.2003). Under section 8–43–207(1), C.R.S.2008, the ALJ is vested with wide discretion in the conduct of evidentiary proceedings. *IPMC Transp. Co. v. Indus. Claim Appeals Office*, 753 P.2d 803, 804–05 (Colo. App.1988) (citing predecessor statute); *see* § 8–43–209(3), C.R.S.2008 (once hearing commences, ALJ "may, for good cause shown, continue the hearing . . . to take additional testimony [or] to file an additional medical report"). "An abuse of discretion occurs when the ALJ's order is beyond the bounds of reason, as where it is unsupported by the evidence or contrary to law." *Heinicke v. Indus. Claim Appeals Office*, 197 P.3d 220, 222 (Colo.App.2008).

We perceive no abuse of discretion in the ALJ's denial of the continuance because the ALJ's order is supported by the record and applicable law. The record shows that claimant did not request a continuance until the

day of the hearing, even though almost four months elapsed between the time he filed an application for hearing and the date of the hearing. The record also contains a June 22, 2007 report from the same physician that indicates that claimant's condition was work-related, suggesting that the information provided by claimant to counsel just prior to the September hearing was not new. Claimant's attorney provided no explanation why he did not timely provide the June report to employer, or discover the basis for the physician's June opinion before the September hearing date.

Moreover, just before the ALJ's ruling, employer offered to agree to the admission of claimant's late-submitted June and August medical reports. Employer also represented that it had brought an expert witness for the hearing, and was ready to proceed.

On this record, we discern no abuse of discretion in the ALJ's implicit finding that claimant failed to establish good cause for the continuance. *See Voisinet v. Indus. Claim Appeals Office,* 757 P.2d 171, 173 (Colo.App.1988) (in ruling on request for a continuance, hearing officer must weigh the nature of the proceedings, the timeliness of the request, the reasons justifying the continuance, and the prejudicial or disruptive effect which might be caused by the requested continuance).

We also disagree with claimant that the absence of factual findings in the ALJ's order denying the continuance prevent adequate appellate review. *See, e.g., Dee Enters.,* 89 P.3d at 441 (rejecting contention that Panel improperly inferred good cause, and holding that "the totality of the circumstances [was] more than sufficient to provide the good cause necessary for the ALJ's order"); *People in Interest of A.E.V.,* 782 P.2d 858, 860 (Colo.App.1989)(the record amply justifies the implicit conclusion of the court that good cause existed).

## II.

■ Claimant also contends that the ALJ's exclusion of the August 24 medical report, combined with the denial of a continuance, deprived him of due process because he was prevented from presenting evidence of the medical opinion that the injury was work-related and the basis for this opinion.

In particular, claimant asserts the ALJ incorrectly interpreted the twenty-day rule in section 8–43–210 of the Workers' Compensation Act (Act) to mandate exclusion of the August 24 medical report, with "no exceptions." We agree with the Panel that the ALJ misinterpreted the statute. However, we conclude, as did the Panel, that on this record the ALJ's error combined with the denial of a continuance does not warrant reversal.

### A.

■ Statutory interpretation is a question of law that we review de novo. *Colo. Dep't of Labor & Employment v. Esser,* 30 P.3d 189, 194 (Colo.2001). We interpret a statute in order to give effect to the intent of the General Assembly whenever possible. *Id.* at 195. To effectuate legislative intent, we first look to the plain and ordinary meaning of the words the General Assembly has chosen to utilize. *Id.* "The Workers' Compensation Act should be construed to give consistent, harmonious, and sensible effect to all its parts." *Sigala v. Atencio's Mkt.,* 184 P.3d 40, 46 (Colo.2008).

The twenty-day rule in section 8–43–210 of the Act requires that *"[a]ll relevant medical records,* vocational reports, expert witness reports, and employer records *shall be exchanged* with all other parties at least twenty days prior to the hearing date." (Emphasis added.) While the plain language of this provision mandates a twenty-day rule for the exchange of the enumerated records and reports, the Act must be read to give consistent, harmonious, and sensible effect to all its parts. *Sigala,* 184 P.3d at 46. The immediately preceding provision of the Act states,

Once the hearing is commenced, the administrative law judge may, for good cause shown, continue the hearing to a date certain to take additional testimony, *to file an* additional medical report, to file the transcript of a deposition, or to file a position statement. Except upon the agreement of all parties or for good cause shown, a

continuance to complete a hearing shall not exceed thirty calendar days.

§ 8–43–209(3) (emphasis added).

■ Given the contemporaneous amendment of both sections 8–43–210 (adding the twenty-day rule) and 8–43–209(3) (allowing continuances for good cause to file additional medical reports), *see* ch. 341, secs. 4–5, 2007 Colo. Sess. Laws 1473–74, and reading these provisions harmoniously, we agree with the Panel that the ALJ's strict reading of the twenty-day rule was unwarranted. Exceptions to the twenty-day rule are clearly contemplated by the allowance of continuances to file additional reports in appropriate circumstances. *See Sigala,* 184 P.3d at 46.

However, like the Panel, we conclude that the ALJ's strict interpretation of the twenty-day rule does not, on this record, necessitate a different result. Claimant provided no explanation for his untimely exchange of the June medical report or his failure to discover the basis for the physician's June opinion prior to the September hearing date. Claimant also had the opportunity to admit the June and August medical reports as part of employer's proposed agreement to refrain from objecting to all the untimely reports. Claimant elected to insist upon the exclusion of employer's late medical report even if that decision resulted in the exclusion of his own late medical reports. Thus, on this record, the good cause exception to the twenty-day rule was not met.

### B.

■ Claimant contends that the ALJ's exclusion of the medical reports, combined with the denial of a continuance, violated his due process rights. Under the circumstances here, we are not persuaded.

■ The requirements of procedural due process apply to a deprivation of a liberty or property interest. *Carlson v. Indus. Claim Appeals Office,* 950 P.2d 663, 665–66 (Colo.App.1997). Under the Act, a claimant possesses a property interest in receiving workers' compensation benefits. *Kroupa v. Indus. Claim Appeals Office,* 53 P.3d 1192, 1195 (Colo.App.2002). In administrative adjudications turning on questions of fact, due process requires that parties be afforded a reasonable opportunity to confront adverse witnesses and to present evidence and argument in support of their positions. *Hendricks v. Indus. Claim Appeals Office,* 809 P.2d 1076, 1077 (Colo.App.1990). Due process is a flexible standard that calls for no specific procedure as long as the basic opportunity for a hearing and judicial review is present. *Kroupa,* 53 P.3d at 1195.

Here, claimant had nearly four months to obtain medical reports favorable to his position that his injury was work-related, and was able to obtain such evidence as early as June 2007. Although claimant did not timely disclose this evidence, employer made a proposal which would have permitted claimant to present it. Despite the ALJ's initial exclusion of claimant's evidence in a prehearing ruling, he ultimately permitted claimant to cross-examine employer's physician, and confront this witness with evidence of his personal physician's report, including his physician's opinion that the injury was work-related.

We conclude, on this record, that no due process violation occurred. Here, claimant was provided with reasonable alternatives to present favorable evidence, and he ultimately presented this evidence to the ALJ during cross-examination of employer's physician. *See City of Boulder v. Dinsmore,* 902 P.2d 925, 927 (Colo.App.1995) (in evaluating claim of denial of due process, reviewing court may balance several factors, including "substitute procedural safeguards").

### C.

Claimant, in his brief, lists other issues relating to the propriety of the ALJ's factual findings and evidentiary rulings. We are precluded from addressing these issues because they were not raised to the Panel below. *See Brown v. Muto,* 943 P.2d 38, 41 (Colo.App.1996) (an appellate court may not consider an issue that was not first raised before the Panel).

The order is affirmed.

Judge RICHMAN and Judge RULAND * concur.