The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
April 5, 2018

## 2018COA50

## No. 17CA0952, *People in Interest of C.Y.* — Juvenile Court — Dependency and Neglect; Judges — Impartiality — Change of Judge — Disqualification

In this dependency and neglect proceeding, the division holds that the judge committed reversible error by not recusing herself from the termination proceeding because the judge had previously served as a guardian ad litem on a different case involving mother's older child.

Court of Appeals No. 17CA0952
Arapahoe County District Court No. 16JV98
Honorable Theresa M. Slade, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of C.Y. and J.O., Children,

and Concerning H.Y.,

Respondent-Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE FURMAN
Fox and Ashby, JJ., concur

Announced April 5, 2018

Ronald Carl, County Attorney, Marilee McWilliams, Senior Assistant County Attorney, Aurora, Colorado, for Petitioner-Appellee

Alison A. Bettenberg, Sarah Yarbrough, Guardians Ad Litem

Melanie Jordan, Respondent Parents' Counsel, Golden, Colorado, for Respondent-Appellant

¶ 1    In this dependency and neglect proceeding, H.Y. (mother) appeals the juvenile court's judgment terminating her parent-child legal relationships with C.Y. and J.O. (the children).  Mother contends, among other things, that the juvenile judge erred by not recusing herself from the termination proceeding because the judge had previously served as a guardian ad litem (GAL) on a different case involving mother's older child.  Because we agree that under the circumstances of this case the judge abused her discretion by not recusing herself from the proceeding, we reverse the judgment and remand the case for a new termination hearing.

I.  The Judge's Prior Involvement

¶ 2    In early 2016, the Arapahoe County Department of Human Services (Department) initiated a dependency and neglect case and assumed temporary custody of six-year-old C.Y. after she witnessed domestic violence between mother and her boyfriend.  J.O. was born later that month, so the Department filed an amended petition adding him to the case.

¶ 3    The court adjudicated the children dependent and neglected and adopted a treatment plan for mother.  Later, the Department

moved to terminate the parent-child legal relationships between mother and the children.

¶ 4 On the second day of the termination hearing, mother testified about her involvement in prior dependency and neglect cases, including a 2005 case in Douglas County involving an older child. A little while later, based on mother's reference to the Douglas County case, the juvenile judge alerted the parties that she had just reviewed the records in that case and realized that she had served as GAL for mother's older child in 2005. The judge then invited the parties to make a record as to whether she needed to recuse herself from this case.

¶ 5 Mother asked the judge to recuse herself from the case based on the appearance of impropriety created by the judge's record of her involvement in the 2005 case. The Department and GAL objected to recusal. The judge denied mother's request on the basis that (1) she had no specific memory of mother or the 2005 proceeding; (2) she had stopped serving as the GAL in the case when venue was changed to Jefferson County and, thus, was not an attorney of record during the termination portion of the prior case; and (3) there was no conflict between previously representing

2

the older child's best interests and deciding termination in this case.

¶ 6    The juvenile judge's involvement in the 2005 case reared its head again during the third day of the termination hearing. In order to impeach mother, the Department asked the court to take judicial notice of the records in a 2005 Arapahoe County dependency and neglect case involving the same older child. As it turns out, the 2005 case started in Douglas County, where the judge represented the older child as GAL, but venue was changed to Jefferson County and then to Arapahoe County. The minute orders from the Arapahoe County portion of the case, including the termination hearing, identify the judge as the older child's GAL, although they also show that another attorney sometimes appeared as the GAL.

¶ 7    Mother renewed her request for the juvenile judge to recuse herself from the termination proceeding based on the appearance of impropriety.

¶ 8    After considering the matter, the juvenile judge concluded that she would not take judicial notice of the Arapahoe County court record because the minute orders erroneously identified her as the

3

GAL when she did not have a GAL contract in Arapahoe County at that time. And, the judge denied mother's request for recusal.

¶ 9 At the conclusion of the hearing, the juvenile court terminated mother's parental rights.

## II. Recusal

¶ 10 Mother first contends that the juvenile judge erred by not recusing herself from the termination hearing based on her having served as the GAL of mother's older child in 2005. Under the facts of this case, we agree that the judge abused her discretion in determining that there was no appearance of impropriety that necessitated recusal.

## A. Preservation

¶ 11 Initially, we note that mother did not file a motion with an affidavit seeking to have the juvenile judge recuse herself under C.R.C.P. 97. Generally, without an affidavit, a motion for recusal is legally insufficient. *People in Interest of S.G.*, 91 P.3d 443, 448 (Colo. App. 2004).

¶ 12 But, here, the juvenile judge's involvement in the 2005 dependency and neglect case appears to have been unknown to the parties and the court until partway through the termination hearing

and, at that point, the court invited the parties to address the issue orally on the record. Mother's recusal request was also based solely on the record the judge made in open court. And, while the record does not show why the parties did not know about or inform the judge of her continued involvement in the 2005 case until the third day of the termination hearing, the court addressed mother's second oral motion for recusal. For these reasons, mother has sufficiently preserved this issue for our review.

## B. Legal Framework

¶ 13    Whether to recuse oneself is a matter within the juvenile court's discretion, and we will not disturb its ruling on appeal absent an abuse of discretion. *Spring Creek Ranchers Ass'n v. McNichols*, 165 P.3d 244, 245 (Colo. 2007). An abuse of discretion occurs when the juvenile court's decision is manifestly arbitrary, unreasonable, or unfair. *Watson v. Cal-Three, LLC*, 254 P.3d 1189, 1192 (Colo. App. 2011).

¶ 14    The Code of Judicial Conduct requires a judge to disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned. C.J.C. 2.11(A). That is, a judge must recuse himself or herself whenever the judge's

5

involvement with a case might create the appearance of impropriety. *People in Interest of A.G.*, 262 P.3d 646, 650 (Colo. 2011).

¶ 15 This broad standard serves not only to secure the confidence of the parties to the proceeding, but also to protect public confidence in the judiciary. *Id.*; *see also People v. Dist. Court*, 192 Colo. 503, 508, 560 P.2d 828, 831-32 (1977). Thus, while a judge might be able to act impartially in a particular case, he or she must nonetheless recuse himself or herself when a reasonable observer might have doubts about the judge's impartiality. *A.G.*, 262 P.3d at 650.

## C. Basis for Recusal

¶ 16 This is not a case in which the juvenile judge had to recuse herself because she previously represented a party to the case. *See* § 13-1-122, C.R.S. 2017 (providing that absent consent of all parties, a judge shall not act in any action or proceeding in which he or she has been attorney or counsel for either party in the action or proceeding). Rather, as the juvenile judge explained, she had represented the best interests of the older child, who was not a party to this dependency and neglect case. Thus, the question

turns on whether the juvenile judge's involvement as a GAL in the 2005 proceedings creates an appearance of impropriety.

¶ 17    As noted, the juvenile judge asserted, and no party disputed, that she had not participated as the GAL during the termination phase of the 2005 dependency and neglect case. Be that as it may, the judge participated as an advocate in earlier proceedings in 2005, including during the adjudication and dispositional phases. And, the judge recognized that the record from the 2005 proceedings showed her continuing to serve as the GAL through termination.

¶ 18    The record of the 2005 dependency and neglect proceedings also showed that in her role as the older child's GAL, the judge advocated a positon that was adverse to mother. For example, a minute order from April 2005 shows that as GAL, the judge objected to mother's request to have the older child returned to mother's care. And, the minute order from the termination hearing showed that the attorney who appeared as GAL was "in agreement with the termination."

¶ 19    Still, a judge is not automatically required to recuse himself or herself from hearing a case simply because he or she has previously

served as an advocate against a party in a previous case. *See People v. Flockhart,* 2013 CO 42, ¶¶ 48, 51. In *Flockhart,* the supreme court concluded that a trial judge was not required to recuse himself from presiding over a criminal trial simply because, as a prosecutor, he had previously brought unrelated criminal charges against the defendant. *Id.* at ¶ 52. It reasoned that recusal was not invariably required absent facts demonstrating some material relationship or relevancy between the two proceedings. *Id.*

¶ 20    But, unlike in *Flockhart,* the earlier dependency and neglect case, and, specifically, the termination of mother's parental rights proceeding, were highly relevant during this termination proceeding. Indeed, the statutory criteria for termination required the juvenile court to determine, among other things, that mother was unfit and that her conduct or condition was unlikely to change in a reasonable time. *See* § 19-3-604(1)(c)(II)-(III), C.R.S. 2017. In making these determinations, the Children's Code requires the court to consider

- whether, on two or more occasions, a child in the parent's physical custody has been adjudicated dependent or neglected in a proceeding under the Children's Code; and

- whether, on one or more prior occasions, a parent has had his or her parent-child legal relationship terminated pursuant to the Children's Code.

§ 19-3-604(2)(l)-(m).

¶ 21 The record from the termination hearing exemplifies this point. The Department referenced the 2005 dependency and neglect case in its opening statement. The caseworker testified regarding the circumstances surrounding the 2005 case and further opined that mother's failure to successfully complete the treatment plan in that case was a concern because it showed a continued pattern of noncompliance and substance use. Mother also testified and was cross-examined regarding her involvement in the 2005 case.

¶ 22 And, as previously discussed, the Department asked the court to take judicial notice of the records from the 2005 case. This request resulted in the judge determining the reliability of the records — including an assessment of the extent of her own involvement — in the 2005 case.

¶ 23 The advocacy did not end there. The Department also addressed the 2005 case in its rebuttal evidence and in its closing argument. The GAL similarly, but more generally, emphasized the

significance of mother's history with other dependency and neglect cases. Thus, even though the juvenile court did not take judicial notice of the case records, both the GAL and the Department discussed the case and urged the court to rely on it when ruling on the termination motion — and the court did so. For example, in the oral termination ruling, the juvenile court referenced mother's fourteen-year history of "this type of behavior or conduct or condition" and involvement with the Department as a basis for determining that mother's condition was unlikely to change in a reasonable time.

¶ 24 Under these circumstances, the juvenile judge's presiding over the termination proceeding created the appearance of impropriety. As a result, the judge abused her discretion in denying mother's request to recuse herself from the termination proceeding.

### III. Other Issues Related to Termination

¶ 25 Mother also contends that the juvenile court erred by (1) finding that she had not successfully complied with the treatment plan and (2) not making explicit findings regarding her unfitness. Because we have already concluded that the termination judgment

must be reversed and remanded for a new hearing, we do not address these issues.

## IV.  Conclusion

¶ 26    The judgment is reversed and the case is remanded for a new termination hearing before a different judicial officer.

JUDGE FOX and JUDGE ASHBY concur.

11