24CA1749 Davis v Wolf 08-07-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1749
Larimer County District Court No. 23CV212
Honorable Laurie K. Dean, Judge

---

Dana R. Davis,

Plaintiff-Appellant,

v.

Jeffrey E. Wolf,

Defendant-Appellee.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE JOHNSON
Welling and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 7, 2025

---

Dana R. Davis, Pro Se

SGR, LLC, Heather A. Salg, Jean M. Peterson, Denver, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Dana R. Davis (Davis), appeals the district court's order dismissing her claims against defendant, Jeffrey E. Wolf (Wolf) for failure to prosecute. On appeal, Davis contends that the district court (1) lacked subject matter jurisdiction; (2) violated her due process rights; and (3) violated her equal protection rights. We disagree with Davis' contentions and, therefore, affirm.

## I.     Background

¶ 2     In October 2021, Davis was involved in a motor vehicle collision with Wolf. The police originally cited Davis for careless driving, but that case was dismissed. She filed this lawsuit alleging that Wolf caused the accident and damage to her car. She asserted one negligence claim, eight claims of negligence per se, and one claim of intentional infliction of emotional distress.

¶ 3     Davis filed a motion for summary judgment, arguing that the court should give preclusive effect to the fact that her careless driving case had been dismissed, thus entitling her to judgment as a matter of law. The district court disagreed, concluding that there were material facts in dispute as to the events surrounding the collision, including whether Wolf had acted negligently and whether Davis had suffered damage, and if so, as to the amount of damages.

1

Davis then sought the judge's recusal, claiming that the judge was biased against her. The court denied the request, and Davis appealed that order (the recusal order) to this court.

¶ 4 Meanwhile, Davis and Wolf were unable to select a mediator. Wolf filed a motion to compel mediation, and the court gave Davis time to respond, but she did not. The court then set a hearing date, but Davis did not appear, so the court ordered mediation. Davis then filed her third motion objecting to the court's authority.

¶ 5 This court dismissed Davis' appeal on grounds the recusal order was not a final appealable order. Davis then filed her fourth through sixth objections to the district court's authority to act in the case. The district court ordered Davis to show cause why the case should not be dismissed for failure to prosecute. In response, Davis filed her seventh objection. The district court dismissed the case, and Davis appeals.

## II. Standard of Review

¶ 6 We review for an abuse of discretion whether the district court properly dismissed a plaintiff's case for failure to prosecute. *See Streu v. City of Colorado Springs ex rel. Colo. Springs Utils.*, 239 P.3d 1264, 1268 (Colo. 2010). A court abuses its discretion when its

ruling is "manifestly arbitrary, unreasonable, or unfair" or when it misapplies the law. *Freedom Colo. Info., Inc. v. El Paso Cnty. Sheriff's Dep't,* 196 P.3d 892, 899 (Colo. 2008).

¶ 7　We review de novo a challenge to a court's subject matter jurisdiction as well as assertions that a party's due process and equal protection rights were violated. *Jim Hutton Educ. Found. v. Rein,* 2018 CO 38M, ¶ 17 (subject matter jurisdiction); *People v. Burlingame,* 2019 COA 17, ¶ 11 (due process); *Howard v. People,* 2020 CO 15, ¶ 11 (equal protection).

### III.　Pro Se Pleadings

¶ 8　We acknowledge that Davis filed the underlying lawsuit and this appeal pro se. Although we broadly construe pro se pleadings, unrepresented parties must nevertheless comply with the same procedural rules required of attorneys. *Adams v. Sagee,* 2017 COA 133, ¶ 10. We address Davis' arguments to the extent we have been able to understand them.

### IV.　Subject Matter Jurisdiction

¶ 9　Davis contends that the court lacked subject matter jurisdiction to continue presiding over her case because (1) she filed a motion to quash Wolf's answer and jury demand as well as his

motion to dismiss one of her claims; (2) she filed seven objections to the court's denial of her motion to recuse; and (3) Wolf could not assert the affirmative defense of comparative negligence. We disagree.

¶ 10　A court's subject matter jurisdiction concerns its authority to deal with the class of cases in which it renders judgment, not its authority to enter a particular judgment within that class. *Meggitt v. Stross*, 2021 COA 50, ¶ 39. The Colorado Constitution vests district courts with general subject matter jurisdiction in civil cases. Colo. Const., art. VI, § 9(1); *Levine v. Katz*, 167 P.3d 141, 144 (Colo. App. 2006).

## A.　Motion To Quash

¶ 11　Davis filed her motion to quash pursuant to C.R.C.P. 12(b)(1) and (2), alleging that the court lacked subject matter jurisdiction over Wolf's answer, request for a jury trial, and his motion to dismiss her intentional infliction of emotional distress claim. The court denied Wolf's motion to dismiss, reasoning that, although Davis' allegations were thin, she had "alleged sufficient facts regarding [Wolf's] conduct, including false statements, acts, and omissions in the course of the car crash and subsequent

investigation, that [we]re sufficient to establish a cause of action for extreme and outrageous conduct."

¶ 12    But in that same order, the court construed Davis' jurisdictional arguments as Davis actually objecting to Wolf's counsel because Davis alleged that Wolf had "not been honest with his insurance carrier about the nature of the accident"; consequently, Davis was "seeking to have counsel disqualified based on th[ose] allegations."

¶ 13    Our supreme court has determined that because disqualification of a party's chosen attorney is an "extreme remedy," it would be "appropriate only where required to preserve the integrity and fairness of judicial proceedings," and "it must be supported by a showing not only that the proceedings appear to be seriously threatened, but also by a showing that any remedy short of disqualification would be ineffective." *In re Estate of Myers*, 130 P.3d 1023, 1027 (Colo. 2006).  Based on this standard, the district court concluded that Davis had failed to make the requisite showing to disqualify Wolf's counsel.

¶ 14    We discern no error.  Although Davis alleged that Wolf had committed insurance fraud, she did so based on her view of the

events surrounding the collision. She provided nothing but the dismissal of her careless driving citation as evidence that Wolf was lying to his insurance company about the accident, and it is not at all clear why, even if her allegations were accurate, Wolf's counsel would be unable to continue the representation. And given how extreme the remedy is to disqualify another party's chosen attorney, we conclude that the district court did not err when it denied Davis' motion to quash.

## B. Motion to Recuse

¶ 15 Davis filed a motion under C.R.C.P. 97 with an affidavit, alleging that the judge was biased against her. In the recusal order, the court noted that Davis' motion did not allege that the judge assigned to the case is or "has been counsel for any party, is a material witness, or is related to, or connected with, any party or his attorney." The court further noted it "does not know either party, attorney, or anything of the facts of this case. Nor does the Court have any interest in the outcome of this case." Instead, the district court reasoned that the sole basis for the motion was Davis' disagreement with the court's denial of her motion for summary judgment. But the district court found that disagreement with

adverse court rulings did not establish bias and, therefore, denied the motion.

¶ 16    A judge's denial to recuse herself from a matter will not be overturned on appeal unless the court abused its discretion. *Zoline v. Telluride Lodge Ass'n*, 732 P.2d 635, 639 (Colo. 1987). But a judge has a duty to preside over a case unless the motion and affidavit "'state facts from which it may reasonably be inferred that the judge has bias or prejudice that will prevent him from dealing fairly' with the party seeking recusal." *Moody v. Corsentino*, 843 P.2d 1355, 1374 (Colo. 1993) (quoting *Wright v. Dist. Ct.*, 731 P.2d 661, 665 (Colo. 1987)); *see also People in Interest of C.Y.*, 2018 COA 50, ¶ 15; C.R.C.P. 97.

¶ 17    The judge must accept the factual statements in the motion and the affidavits as true, even if he or she believes them to be false or erroneous. *Bocian v. Owners Ins. Co.*, 2020 COA 98, ¶ 15. A recusal motion must assert more than a subjective belief that a judge is not impartial. *Edmond v. City of Colorado Springs*, 226 P.3d 1248, 1252 (Colo. App. 2010). If the movant merely alleges opinions, conclusory statements, conjecture, or innuendo, recusal is unnecessary. *Comiskey v. Dist. Ct.*, 926 P.2d 539, 544 (Colo.

7

1996); *see also Holland v. Bd. of Cnty. Comm'rs*, 883 P.2d 500, 510 (Colo. App. 1994).

¶ 18    We discern no abuse of discretion with the district court denying the motion.  Davis was unhappy with the district court's adverse rulings, which, without more, does not support a finding that the court was biased against her.  *See Bocian*, ¶ 57 ("Unless accompanied by an attitude of hostility or ill will toward a party, a ruling by a judge on a legal issue is insufficient to show bias that requires disqualification."); *see also Saucerman v. Saucerman*, 461 P.2d 18, 22 (Colo. 1969) (holding that the "rulings of a judge," even if "erroneous, numerous and continuous, are not sufficient in themselves to show bias or prejudice").  Indeed, the court's orders reveal no hostility toward Davis; the court went out of its way to fully explain its rulings and provided Davis with numerous opportunities to be heard.

## C.    Affirmative Defense

¶ 19    Within Davis' affidavit alleging the judge was biased against her, she claimed Wolf could not assert contributory negligence as an affirmative defense.  In the recusal order, the court stated that it took no position on the merits of Davis' claims or Wolf's defenses,

noting the general principle that negligence is ordinarily a question of fact for the jury.

¶ 20 An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the [plaintiff's] complaint are true." *Soicher v. State Farm Mut. Auto. Ins. Co.*, 2015 COA 46, ¶ 18 (quoting Black's Law Dictionary 509 (10th ed. 2014)). C.R.C.P. 8(c) permits defendants to assert affirmative defenses and requires contributory negligence to be pleaded as such. *Bailey v. State Farm Mut. Auto. Ins. Co.*, 2018 COA 133, ¶ 25 (noting that C.R.C.P. 8(c) lists a nonexclusive list of affirmative defenses of which contributory negligence is one). An affirmative defense must be specifically asserted in the party's responsive pleading, otherwise it is waived. *Soicher*, ¶ 21.

¶ 21 The district court had subject matter jurisdiction to determine whether Wolf had properly asserted the affirmative defense and whether sufficient evidence was presented at trial to submit an instruction for the jury's consideration. *See Gordon v. Benson*, 925 P.2d 775, 777-78 (Colo. 1996) (noting that a court must properly instruct the jury on the governing law and that a jury instruction

on comparative negligence must be based on "competent evidence appearing in the record").[1]  Because Davis' case never went to trial, though, and because Wolf had the right to plead the affirmative defense in his answer, there is no contention of error committed by the court for us to review.

## V.   Due Process and Equal Protection

¶ 22    Davis contends that the district court violated her due process and equal protection rights by dismissing her case.  We disagree.

### A.   Due Process

¶ 23    Davis contends that the district court violated her right to due process because (1) Wolf's affirmative defense of contributory negligence was precluded; (2) she was deprived of an evidentiary hearing regarding her motion to quash; and (3) the district court was biased against her, as evidenced by the judge's recusal order and the court's order compelling mediation.

---

[1] To the extent that Davis argues Wolf failed to sufficiently plead contributory negligence in his answer, she raised this issue for the first time in her reply brief; thus, we decline to address it.  *See Colo. Korean Ass'n v. Korean Senior Ass'n of Colo.,* 151 P.3d 626, 629 (Colo. App. 2006) (appellate courts do not address arguments first raised in a reply brief).

¶ 24    "The fundamental requisites of due process are notice and the opportunity to be heard." *Franz v. Indus. Claim Appeals Off.*, 250 P.3d 755, 758 (Colo. App. 2010) (quoting *Hendricks v. Indus. Claim Appeals Off.*, 809 P.2d 1076, 1077 (Colo. App. 1990)). "Due process requires 'that the parties be apprised of all the evidence to be submitted and considered, and that they be afforded a reasonable opportunity in which to confront adverse witnesses and to present evidence and argument in support of their position.'" *Delta Cnty. Mem'l Hosp. v. Indus. Claim Appeals Off.*, 2021 COA 84, ¶ 28 (quoting *Hendricks*, 809 P.2d at 1077). What constitutes sufficient due process is flexible; no specific procedure is mandated "as long as the basic opportunity for a hearing and judicial review is present." *Id.* (quoting *Ortega v. Indus. Claim Appeals Off.*, 207 P.3d 895, 899 (Colo. App. 2009)). A party must be given the opportunity to be heard at a meaningful time and in a meaningful manner. *Whiteside v. Smith*, 67 P.3d 1240, 1248 (Colo. 2003).

### 1.    Preclusion

¶ 25    Davis argues that Wolf's affirmative defense of comparative negligence was precluded based on the doctrines of issue and claim preclusion as a result of the dismissal of her careless driving

11

citation. The district court did not address Davis' preclusion arguments directly, but, in denying summary judgment, it reasoned that genuine issues of material fact surrounding the collision existed.

¶ 26    We conclude that the court provided Davis an opportunity to be heard through the summary judgment briefing and that it did not violate her due process rights by not granting that motion. And "the denial of a motion for summary judgment is not appealable." *Bengtson v. USAA Prop. & Cas. Ins.*, 3 P.3d 1233, 1238 (Colo. App. 2000) (citing *Feiger, Collison & Killmer v. Jones*, 926 P.2d 1244, 1247 (Colo. 1996)).

¶ 27    Assuming Davis contends that the court violated her due process rights by not addressing her issue and claim preclusion arguments, any such error is harmless because Davis' claims would not have prevailed.

¶ 28    Whether issue preclusion bars subsequent review of a claim or issue in a different proceeding is a question of law that we review de novo. *Vanderpool v. Loftness*, 2012 COA 115, ¶ 17.

¶ 29    "In the broadest sense, [issue and] claim preclusion prevent[] the perpetual re-litigation of the same [issue,] claim[,] or cause of

action." *Foster v. Plock*, 2017 CO 39, ¶ 12; *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) (Claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."); *Vanderpool*, ¶ 11 (Issue preclusion "is designed to 'relieve parties of multiple lawsuits, conserve judicial resources, and promote reliance on the judicial system by preventing inconsistent decisions.'" (quoting *Reynolds v. Cotten*, 2012 CO 27, ¶ 9))). "The goal of the doctrine is to promote judicial economy by barring a claim litigated in a prior proceeding from being litigated again in a second proceeding." *Foster*, ¶ 12.

¶ 30    Both issue and claim preclusion require the parties to be identical or in privity with one another. *Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo. 2001) (issue preclusion); *Meridian Serv. Metro. Dist. v. Ground Water Comm'n*, 2015 CO 64, ¶36 (claim preclusion). It is undisputed that Wolf was not a party to Davis' careless driving citation case. Instead, Davis contends that she and Wolf were in privity.

¶ 31    Privity exists when "there is a substantial identity of interests" between the party and the non-party "such that the non-party is

virtually represented" by the party. *Goldsworthy v. Am. Fam. Mut. Ins. Co.*, 209 P.3d 1108, 1115 (Colo. App. 2008) (quoting *Nat. Energy Res. Co. v. Upper Gunnison River Water Conservancy Dist.*, 142 P.3d 1265, 1281 (Colo. 2006)). Privity "requires both a substantial identity of interests and a working or functional relationship in which the interests of the non-party are presented and protected by the party in the litigation." *Id.*

¶ 32 Davis argues that she and Wolf had a substantive legal relationship because they were both involved in the collision. She contends that, without the collision, she would not have been cited for careless driving, and this event thus established a substantive legal relationship between the two. Davis, however, misunderstands the concept of privity. Privity means that the parties' interests are aligned so that Wolf's interests as "the non-party [are] virtually represented" by Davis. In this case, Wolf and Davis do not share the same interests because Davis alleges Wolf is at fault in the collision and caused her damage. Therefore, to the extent Davis could properly assert the doctrine of issue or claim preclusion, it would have failed and could not have been the basis

14

for the grant of summary judgment in her favor.  Thus, we discern no due process violation.

### 2.     Evidentiary Hearing

¶ 33     Davis contends that she was deprived of an evidentiary hearing on her motion to quash.  Specifically, she relies on *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1191 (Colo. 2005), for the legal proposition that a court must hold an evidentiary hearing before resolving disputed facts to determine subject matter jurisdiction.  As we have discussed above, Davis' motion alleging a lack of subject matter jurisdiction was in substance a request to disqualify Wolf's counsel.  Thus, because the court was not required to hold an evidentiary hearing about its jurisdiction, there can be no due process violation on this basis.

### 3.     Recusal and Mediation

¶ 34     Davis argues she was deprived of the right to an impartial judge because the judge refused to recuse despite her many objections.  As we noted above, Davis' objections to the judge were based on adverse rulings, and nothing in the record even suggests the judge was biased against her.  Therefore, we discern no due process violation.

¶ 35    As to Davis' complaint that the district court ordered her and Wolf to participate in mediation, we perceive no error.  The court has the authority to order parties to participate in mediation.  § 13-22-311, C.R.S. 2024.  But Davis contends she did not file a response to Wolf's motion to compel because her motion for recusal had not yet been ruled on by the court.  This argument, however, is inaccurate.  The district court issued the recusal order on April 22, and the hearing on the motion to compel mediation was scheduled for May 3.

¶ 36    To the extent Davis means that *this court* had not resolved her appeal on the recusal order when the district court ordered mediation, this is true as this court did not dismiss her appeal until May 31.  Even so, Davis did not seek a stay of the district court proceedings in this court.  And when Davis filed her second objection to the district court's jurisdiction, it stated she objected to all orders throughout the case "and beyond until the question of Judges' authority to act in this case is resolved by the Colorado Court of Appeals."  The district court construed Davis' filing as a request to stay the proceedings until resolution of her appeal.  But in Davis' third objection, she specifically stated that she "did not

16

ask for a stay of proceedings in this case." Based on this record, the court did not err by proceeding with the case and ordering mediation when the court would have stayed the proceedings, Davis rejected the request and Davis was given an opportunity to respond and attend a hearing on the matter of mediation and failed to do both.

¶ 37    Finally, even assuming the district court was incorrect in its orders, Davis was still required to comply. *See Maness v. Meyers*, 419 U.S. 449, 458-59 (1975) ("[O]nce the court has ruled, counsel and others involved in the action must abide by the ruling and comply with the court's orders."). "Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." *Id.* at 458. Even though Davis disagreed with the court's decision to not recuse from the case, she was required to continue to prosecute her case to finality and then bring any contentions of error to this court for review. Her failure to follow the proper procedure by simply refusing to participate in the case does not give rise to a due process violation under these circumstances.

## B. Equal Protection

¶ 38    Davis contends that her equal protection rights were violated because the court treated her unequally in relation to Wolf. We disagree.

¶ 39    Equal protection of the laws guarantees that people who are similarly situated will receive like treatment in the law. *Salazar v. Indus. Claim Appeals Off.*, 2022 COA 13, ¶ 34*; see also Harris v. Ark*, 810 P.2d 226, 229 (Colo. 1991). When a challenged state action does not involve a person's fundamental rights or a traditionally suspect class, we apply rational basis review. *People v. Reyes*, 2016 COA 98, ¶ 32. Under this standard, "the challenging party bears the burden of proving that the action 'bears no rational relationship to a legitimate legislative purpose or government objective, or that the classification was otherwise unreasonable, arbitrary, or capricious.'" *Id.* (quoting *Dean v. People*, 2016 CO 14, ¶ 12).

¶ 40    In Davis' seven challenges she filed objecting to the district court's authority, we see nothing in the record in which she alleged that the court was treating her unequally because she belonged to a suspect class. And, to the extent her equal protection claim is

18

based on the court's dismissal of her case, we perceive no cognizable equal protection claim, as a court has discretion to enter such ruling if, as we discuss below, the record supports it.

## VI. Failure to Diligently Prosecute

¶ 41 In its order to show cause, the court noted that Davis had filed a motion to recuse and six objections to the court's authority and that Davis had failed to attend the pretrial conference or the jury trial. Because of this background, the court said, "It appears that this case is at an impasse," and concluded it was for the jury to decide whether Davis "[wa]s entitled to recover on her claims." The court ordered Davis to show cause within thirty-five days as to why the case should not be dismissed for failure to prosecute.

¶ 42 On that same day, Davis filed a response to the show cause order indicating that she "continue[d] to question and object to what appears to be the Judges' [sic] presumption of having authority to act in this case." Davis indicated she did not "consent" to the judge presiding over the case. Based on C.R.C.P. 41(b)(2) and C.R.C.P. 121, section 1-10, the court found that Davis had "failed to diligently prosecute or bring th[e] case to trial with diligence." It reasoned that Davis had not participated in mediation or attended

hearings and that objecting to the court's authority did not "constitute[] 'diligent prosecution.'"

¶ 43     We perceive no abuse of discretion, as the record supports the district court's dismissal for four reasons.  First, Davis failed to participate in the case following the court's denial of her summary judgment motion.  She failed to appear at court hearings on May 3, June 14, and July 12 and for trial on August 3, 2024.  Davis claims that she did not attend these proceedings because of the unresolved question of the judge's authority to act in the case.  But this court dismissed Davis' appeal of the recusal order on May 31, 2024, so even if Davis did not agree with the recusal order, the court had the authority to preside over the case.

¶ 44     Second, Davis did not participate in mediation as ordered by the court.  Again, she claims she did not attend mediation because the judge had no authority to order it and that its ruling "limited" her to Wolf's choice of a mediator.  But the court gave Davis two opportunities — one to file a response to the motion to compel mediation and another to attend the hearing — to raise any objections and, ostensibly, to present her choice of mediator.  Davis

cannot now complain that Wolf's choice of mediator was forced on her.

¶ 45    Third, the court reasoned, and we agree, that continued objections to the court's authority and its ruling in this case supports a finding that a plaintiff has failed to prosecute her case.

¶ 46    And finally, the court specifically told Davis in its show cause order that objecting to the court's authority would likely result in her case being dismissed, yet Davis responded with the same objection.

¶ 47    In such cases where the court is presented with the real likelihood the case will not move forward — which we have here — we will affirm the court's dismissal for failure to prosecute. *See, e.g.*, *Kallas v. Spinozzi*, 2014 COA 164, ¶¶ 6, 13-14, 53 (affirming dismissal when counsel, who suffered from medical conditions and refused to bring in co-counsel to assist, failed to schedule a deposition, failed to appear at a hearing for continuance of trial, and failed to appear at trial); *Rossi v. Mathers*, 749 P.2d 964, 965 (Colo. App. 1987) (affirming dismissal when plaintiff failed to secure a medical witness after three years and failed to fully respond to defendant's discovery preventing the case being set for trial).

## VII. Conclusion

¶ 48     The district court's order is affirmed.

JUDGE WELLING and JUDGE GROVE concur.